IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

vs.                                                                                                          NO. 4:20-CR-269-Y

ERIC PRESCOTT KAY, Movant
Reg. No. 04401-509
FCI Englewood
Federal Correctional Institution
9595 West Quincy Avenue
Littleton, CO 80123

### MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Eric Prescott Kay ("Mr. Kay"), through undersigned counsel, hereby moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside, and correct his sentence in the above-captioned criminal cause, for the reasons that follow.[1]

1.      The judgment of conviction we are challenging was entered by the United States District Court for the Northern District of Texas, Fort Worth Division, located at the Eldon B. Mahon Courthouse, 501 W. 10th Street, Fort Worth TX 76102.

---

[1] Under the rules applicable to proceedings under 28 U.S.C. § 2255, a § 2255 motion "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter "2255 Rules"), Rule 2(c). The Northern District of Texas has a fillable PDF form for such a motion (hereinafter "NDTX § 2255 Form"). The instant motion "substantially follow[s]" the NDTX § 2255 Form and therefore complies with 2255 Rules, Rule 2(c).

We will also be filing a separate memorandum in support of this motion. This is in accordance with NDTX Miscellaneous Order # 13 (Mar. 18, 1977), which requires that the motion itself must be limited only to factual statements, and any arguments or citations of authority must be by separate brief or memorandum. *See id.* at ¶¶ 5A & 6. We have separately moved for a 30-day extension of time in which to file that memorandum.

2. The judgment of conviction and sentence was entered on October 12, 2022. ECF No. 188.

3. On October 11, 2022, Mr. Kay was sentenced on the two counts of conviction to an aggregate sentence of 264 months' imprisonment, three years of supervised release, and a mandatory special assessment of $200. ECF No. 188. The prison sentence consisted of concurrent sentences of 235 months on Count One and 264 months on Count Two. *Id.*

4. As set out in the superseding indictment (ECF No. 78), Count One charged Mr. Kay with conspiracy to distribute and to possess with intent to distribute a controlled substance, namely oxycodone and fentanyl, in violation of 21 U.S.C. § 846. ECF No. 78, at 1. Count Two charged Mr. Kay with distribution of fentanyl, the use of which substance resulted in the death and serious bodily injury of Mr. Tyler Skaggs, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). ECF No. 78, at 2.

5. Mr. Kay entered a plea of not guilty to the superseding indictment and proceeded to trial.

6. Mr. Kay's trial was a jury trial.

7. Mr. Kay did not testify at his trial.

8. Mr. Kay appealed from the judgment of conviction and sentence.

9. Mr. Kay's appeal was to the United States Court of Appeals for the Fifth Circuit, under the caption *United States v. Eric Prescott Kay*, 5th Cir. No. 22-11011. On November 15, 2023, the Fifth Circuit affirmed the judgment of conviction and sentence. ECF Nos. 230 & 231.

Mr. Kay did not petition the United States Supreme Court for a writ of certiorari to review the Fifth Circuit's judgment.[2]

---

[2] After the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28

10. Other than a direct appeal from the judgment of conviction and sentence, Mr. Kay has not previously filed any petitions, applications, or motions with respect to this judgment in any federal court.

11. (Not applicable.)

12. <u>Grounds for relief under 28 U.S.C. § 2255 and brief summary of facts.</u>

A. <u>Ground One</u>: Denial of effective assistance of trial counsel in connection with Mr. Kay's decision to reject the government's plea offer and proceed to trial.

<u>Supporting facts</u>: Mr. Kay hereby incorporates by reference the more extensive discussion of this issue contained in his to-be-filed memorandum in support of this motion. In part, the facts of this issue include: ahead of trial, the government agreed that, if Mr. Kay would plead guilty to Count One of the superseding indictment, then in exchange for his plea and his cooperation, the government would (1) dismiss Count Two and (2) agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to a prison sentence between 60 and 120 months. Mr. Kay was dissuaded from accepting that plea offer because his attorneys, among other things: (1) consulted with a pathologist or toxicologist only after the government's plea offer was rejected on trial counsel's advice, even though the government had disclosed its experts — including Dr. Hail — months before; (2) placed too much emphasis on the potential testimony of Dr. Krouse without interviewing him; (3) overestimated Mr. Kay's chances of avoiding conviction at trial; and (4) underestimated Mr. Kay's exposure under the United States Sentencing Guidelines. In

---

U.S.C. § 2255(f)(1). Where, as in this case, a defendant could, but does not, petition for certiorari from an adverse appellate judgment, the judgment becomes final only upon the expiration of the 90-day period for filing a petition for certiorari. *See Clay v. United States*, 537 U.S. 522, 525, 532 (2003). The 90-day period began running on November 15, 2023 (the date of the Fifth Circuit's decision) and expired on February 13, 2024. This motion, filed February 12, 2025, therefore is timely.

3

addition, one of Mr. Kay's attorneys threatened to withdraw from representation if Mr. Kay pleaded guilty.

But for these actions or omissions by his defense counsel, Mr. Kay would have accepted the government's plea offer. Because there is a reasonable probability that the government would have persisted in that offer through sentencing and that the district court would have accepted that plea deal, Mr. Kay was prejudiced by being convicted on both Count One and Count Two, instead of only Count One; and by receiving a 264-month prison sentence, rather than the maximum sentence of 120 months' imprisonment that he faced under the plea deal.

B. <u>Ground Two</u>: Denial of effective assistance of trial counsel in connection with counsel's failure to (1) timely consult with expert witnesses (pathologist(s) and/or toxicologist(s)) on the question of whether fentanyl was the but-for cause of Mr. Tyler Skaggs's death and (2) present expert testimony at trial on that subject.

<u>Supporting facts</u>: Mr. Kay hereby incorporates by reference the more extensive discussion of this issue contained in his to-be-filed memorandum in support of this motion. In part, the facts of this issue include: a critical issue at trial was whether the government could prove that fentanyl was the but-for cause of death, as required for the "death results" charge in Count Two, which carried a 20-year mandatory minimum sentence. Defense counsel did not seek expert assistance in preparing to defend on that subject until shortly before trial; and the expert's assistance was limited to consulting with defense counsel about how to cross-examine the government's pathology and toxicology witnesses. Moreover, the defense failed to present any expert of its own at trial. Because a defense expert could have highlighted significant problems with the but-for testimony of the government's experts, there is at least a reasonable probability that the result of Mr. Kay's trial would have been different.

   C. <u>Ground Three</u>:  Denial of effective assistance of trial counsel in connection with counsel's failure to investigate and present evidence that Tyler Skaggs had other sources for controlled substances.

   <u>Supporting facts</u>: Mr. Kay hereby incorporates by reference the more extensive discussion of this issue contained in his to-be-filed memorandum in support of this motion.  In part, the facts of this issue include:  the government's theory at trial was that Mr. Kay was the supplier of drugs taken by Mr. Skaggs on the night of June 30, 2019.  On July 31, 2024, the Washington Post published an article titled, "*Who killed Tyler Skaggs?*," that referenced communications/notes on Mr. Skaggs's phone — which were not discussed or emphasized at trial — indicating that Mr. Skaggs had had additional suppliers.  Other potential sources were not interviewed prior to trial.  Evidence of certain other potential sources was not presented at trial.

   D. <u>Ground Four</u>: Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

   E. <u>Ground Five:</u>  Perjured testimony by a government witness.

   F. <u>Ground Six</u>:  Denial of the constitutional right to confront witnesses.

   <u>Supporting facts for Grounds Four through Six</u>: Mr. Kay hereby incorporates by reference the more extensive discussion of these issues contained in his to-be-filed memorandum in support of this motion.  In part, the facts of this issue include, on information and belief, the following: At trial, then-Detective (now Corporal) Delaney Green of the Southlake PD testified about her actions with respect to the investigation, including representing that it was she who performed the extraction of Mr. Skaggs' cellphone.  New investigation shows that the extraction was apparently in fact done by Detective Richard Weber of the Grapevine PD.  Because Mr. Kay only now learned this, he was deprived of his right to confront Detective Weber and Detective

Green about the details of their testing and handling of the cellphone while it was in their custody and control.  New investigation also casts doubt as to the integrity and completeness of the evidence from that cellphone.

13. The grounds listed in paragraph 12 above were not previously presented.  Grounds One through Three raise claims of ineffective assistance of counsel, which the United States Supreme Court and the Fifth Circuit have indicated should not be raised on direct review, but rather in a proceeding (like this one) for post-conviction review.  Grounds Four through Six raise claims based on facts that were not known to trial or appellate counsel and hence were not raised on direct review.

14. Mr. Kay does not currently have any petition or appeal now pending in any court as to the judgment under attack.

15. <u>Names and addresses of prior attorneys.</u>

    a. <u>Preliminary hearing</u>:  Not applicable – no preliminary hearing held.

    b. <u>Arraignment and plea</u>:  William Reagan Wynn, Reagan Wynn Law PLLC, 5049 Edwards Ranch Road, Floor 4, Fort Worth, TX, 76109; and Michael A. Molfetta, Molfetta Law, 3070 Bristol Street, Suite 580, Costa Mesa, CA 92626.

    c. <u>At trial</u>:  William Reagan Wynn, Reagan Wynn Law PLLC, 5049 Edwards Ranch Road, Floor 4, Fort Worth, TX, 76109; and Michael A. Molfetta, Molfetta Law, 3070 Bristol Street, Suite 580, Costa Mesa, CA 92626.

    d. <u>At sentencing</u>:  Cody L. Cofer, Cofer Luster Law Firm, PC, 604 E. 4th Street, Suite 101, Fort Worth, TX 76102.

    e. <u>On appeal</u>:  Brett Ordiway and Madison McWithey, Udashen | Anton, 8150 N. Central Expressway, Suite M11011, Dallas, TX 75206.

    f. <u>In the instant post-conviction proceeding</u>:  David Gerger & Poorav Rohatgi, Gerger Hennessy, Martin & Peterson LLP, 700 Louisiana Street, Suite 2300, Houston, TX 77002; Brett Ordiway, Ordiway PLLC, 8350 N. Central Expy. Suite 1900, Dallas, Texas 75206.

    g. (Not applicable.)

 16. As set out in paragraph 3 above, Mr. Kay was sentenced on Counts One and Two of the superseding indictment in the instant case by the same court (this Court) and at the same time, on October 11, 2022.

 17. Mr. Kay has no future sentence to serve after completion of the sentence imposed by the judgment under attack.

 WHEREFORE, movant Eric Prescott Kay prays that the Court grant him any and all relief to which he may be entitled in this proceeding.

        Respectfully submitted,

        <u>/s/ Brett Ordiway</u>
        Brett Ordiway
        Texas Bar No. 24079086
        brett@ordiway.com
        ORDIWAY PLLC
        8350 N. Central Expy. Ste. 1900
        Dallas, Texas 75206
        469.205.1600 – Telephone

        <u>/s/ David Gerger</u>
        David Gerger
        Texas Bar No. 07816360
        dgerger@ghmfirm.com
        Poorav K. Rohatgi
        Texas Bar No. 24093063
        prohatgi@ghmfirm.com
        GERGER HENNESSY MARTIN
        & PETERSON LLP
        700 Louisiana, Suite 2300
        Houston, Texas 77002
        713.224.4400 – Telephone

VERIFICATION REQUIRED BY 2255 RULES, RULE 2(b)(5)

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February 12, 2025.

>s/ David Gerger
>DAVID GERGER
>Attorney for Movant[3]

CERTIFICATE OF SERVICE

I certify that counsel of record in this case have, on this the 12th day of February, 2025, been served electronically via the CM/ECF system of this Court.

>s/ David Gerger
>DAVID GERGER

---

[3] Rule 2(b)(5) of the 2255 Rules provides that a § 2255 motion must "be signed under penalty of perjury by the movant *or by a person authorized to sign it for the movant*." (Emphasis added.) As one of Mr. Kay's attorneys, Mr. Gerger is "a person authorized to sign it for the movant."