# APPENDIX A

Ayestas v. Lumpkin, Not Reported in Fed. Supp. (2023)

Case 4:25-cv-00132-Y    Document 7-1    Filed 03/13/25    Page 2 of 7    PageID 872

2023 WL 2541709
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas, Houston Division.

Carlos Manuel AYESTAS, Petitioner,
v.
Bobby LUMPKIN, Director, Texas
Department of Criminal Justice-Correctional
Institutions Division, Respondent.

Civil Action No. H-09-2999
|
Signed March 16, 2023

**Attorneys and Law Firms**

Lee Benjamin Kovarsky, Texas Defender Service, Baltimore, MD, Paul Edward Mansur, Texas Defender Service, Denver City, TX, Sheri Lynn Johnson, Cornell Law School, Ithaca, NY, for Petitioner.

Gwendolyn S. Vindell, Jefferson David Clendenin, Office of Texas Attorney General, Austin, TX, for Respondent.

## MEMORANDUM OPINION AND ORDER

SIM LAKE, SENIOR UNITED STATES DISTRICT JUDGE

**\*1** This case is before the court on Carlos Manuel Ayestas's amended petition for a writ of habeas corpus and motion for discovery, and Bobby Lumpkin's answer and motion for summary judgment, and motion to strike.

### I. Background

Ayestas was convicted of capital murder for murdering Santiaga Paneque during the course of committing or attempting to commit robbery or burglary. The Texas Court of Criminal Appeals affirmed Ayestas's conviction and sentence, Ayestas v. State, No. 72,928 (Tex. Crim. App. Nov. 4, 1998), and denied his application for habeas corpus relief, Ex Parte Ayestas, No. WR-69,674-01 (Tex. Crim. App. Sept. 10, 2008). Ayestas filed a Petition for a Writ of Habeas Corpus ("Original Petition") (Docket Entry No. 1) in this court on September 11, 2009. The court denied the Original Petition on January 26, 2011 (Memorandum Opinion and Order, Docket Entry No. 19, p. 38), and the Fifth Circuit denied a certificate of appealability on February 22, 2012, Ayestas v. Thaler, No. 11-70004 (5th Cir. Feb. 27, 2012). (Opinion, Docket Entry No. 30, p. 13)

On June 3, 2013, the Supreme Court granted certiorari and remanded the case to the Fifth Circuit for reconsideration in light of the Supreme Court's decisions in Martinez v. Ryan, 132 S. Ct. 1309 (2012) (holding that ineffective assistance of state habeas counsel could, in certain circumstances, constitute cause to excuse a procedural default of an ineffective assistance of trial counsel claim), and Trevino v. Thaler, 133 S. Ct. 1911 (2013) (holding that Martinez is applicable to the Texas capital postconviction process). Ayestas v. Thaler, 133 S. Ct. 2764 (2013). The Fifth Circuit subsequently remanded the case to this court on January 30, 2014. Ayestas v. Stephens, No. 11-70004 (5th Cir. Jan. 30, 2014). Following supplemental briefing by the parties, the court, on November 18, 2014, again denied relief. (Memorandum Opinion and Order, Docket Entry No. 51, p. 16; Final Judgment, Docket Entry No. 52)

On December 16, 2014, Ayestas filed a Motion to Alter or Amend the Judgment (Docket Entry No. 53). Ayestas argued that the court erroneously denied him leeway to develop the record, disagreed with the court's understanding of the facts of the case and application of the law to those facts, and argued that the court erred in denying him a certificate of appealability. (Docket Entry No. 53) She court denied the motion, finding that Ayestas's arguments did not satisfy the standards to alter or amend a judgment. (Memorandum Opinion and Order, Docket Entry No. 64)

On January 14, 2015, Ayestas filed a Supplement to Petitioner's Rule 59 Motion to Alter or Amend the Judgment Urging Court to Grant Leave to Amend Original Petition for Writ of Habeas Corpus ("Supplemental Motion") (Docket Entry No. 55). In his Supplemental Motion Ayestas sought to amend his petition to add an equal protection claim based on newly discovered evidence. This evidence was a memorandum prepared by Kelly Siegler (the "Siegler Memo"), then an attorney in the Harris County District Attorney's Office, listing the fact that Ayestas is not a United States citizen as a factor in favor of seeking the death penalty. This statement had a line drawn through it. The court denied the motion to amend on several grounds. The court found that the newly discovered evidence was not within the scope of the remand from the Fifth Circuit. The court further found that Ayestas's Supplemental Motion actually sought leave to file a successive petition that the court lacked jurisdiction to

**Ayestas v. Lumpkin, Not Reported in Fed. Supp. (2023)**

Case 4:25-cv-00132-Y    Document 7-1    Filed 03/13/25    Page 3 of 7    PageID 873

consider. (Memorandum Opinion and Order, Docket Entry No. 64, pp. 3-4) Finally, the court found that Ayestas failed to show that the document could not have been discovered earlier through the exercise of reasonable diligence. (Order, Docket Entry No. 63, p. 4) Accordingly, the court denied the motion. (Id. at 6.) The Fifth Circuit affirmed the denial of relief. Ayestas v. Stephens, 817 F.3d 888 (5th Cir. 2016), vacated by Ayestas v. Davis, 138 S. Ct. 1080 (2018).

**\*2** On February 5, 2021, Ayestas filed a Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 82). The court granted that motion on the basis of a change in controlling law after the denial of Ayestas's previous motion. (Memorandum Opinion and Order, Docket Entry No. 93) Ayestas subsequently amended his petition to raise two claims for relief based on the Siegler Memo. (First Amended Petition for a Writ of Habeas Corpus ("Amended Petition"), Docket Entry No. 101, pp. 10, 16) The respondent, Bobby Lumpkin, now moves for summary judgment and dismissal of the Amended Petition. (Respondent's Answer and Motion for Summary Judgment ("Respondent's MSJ"), Docket Entry No. 115)

### II. Standard of Review

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986).

### III. Motion to Strike

As a preliminary matter, the respondent filed a motion to strike the evidence and argument that Ayestas submitted in response to the motion for summary judgment. Whether to grant a motion to strike is left to the discretion of the court. Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 178 (5th Cir. 2007). The material that the respondent wishes stricken was offered in direct response to arguments raised in the Respondent's MSJ. The respondent's argument is, in essence, that Ayestas should have anticipated the respondent's defenses and presented his evidence and argument in response to those defenses before the respondent raised them. This argument is not persuasive, and the motion to strike will be denied.

### IV. Motion for Summary Judgment

**A. Successive Petition**

The respondent argues that the First Amended Petition is successive. Under 28 U.S.C. § 2244 (b) (3) (A), the court lacks jurisdiction to consider a successive petition unless the petitioner has first obtained permission from the Court of Appeals to file his successive petition.

The claims for relief now before the court are an amendment to Ayestas's Original Petition. The respondent argued that Ayestas's motion for relief from the judgment denying Ayestas's previous motion to alter or amend the judgment was successive, and the court has considered and rejected those arguments. See Memorandum Opinion and Order, Docket Entry No. 93, pp. 4-5.

The substantive claims now raised in the Amended Petition do not appear, on the current record, to be "successive" within the meaning of the federal habeas corpus statute. That statute provides, in relevant part, that:

> **(b) (1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless–
>
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B) (i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**\*3** 28 U.S.C. § 2244. As discussed in more detail below, the current record raises questions as to whether the Siegler Memo was withheld from Ayestas and, therefore, whether it

**Ayestas v. Lumpkin, Not Reported in Fed. Supp. (2023)**

Case 4:25-cv-00132-Y     Document 7-1     Filed 03/13/25     Page 4 of 7     PageID 874

could have been discovered earlier through the exercise of due diligence. The claims themselves raise questions concerning the constitutionality of Ayestas's death sentence.

**B. Timeliness**
The respondent next argues that the amendment runs afoul of the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") a state prisoner has one year in which to file a federal habeas corpus petition. Fierro v. Cockrell, 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Evidence suggests that the Siegler Memo was not disclosed to Ayestas's defense counsel, but was withheld as attorney work product. See, e.g., Declaration of J. Gary Hart, Exhibit D to Mr. Ayestas's Reply in Support of Amended Petition and Opposition to Motion for Summary Judgment (Docket Entry No. 124-4). It was accidentally disclosed to Ayestas's habeas counsel on December 22, 2014. On January 9, 2015, Ayestas moved to amend his petition to add claims related to the Siegler Memo. See Petitioner's Motion for Leave to Amend Original Petition for Writ of Habeas Corpus, Docket Entry No. 54. All of the proceedings since then have related to that motion, including the court's original denial of the motion and subsequent grant of the motion for relief from the judgment based on a change in controlling law. Ayestas raised these claims in a timely manner.

While the respondent argues that the Fifth Circuit found that Ayestas's counsel was not diligent in seeking the Siegler Memo, see Ayestas v. Stephens, 817 F.3d at 901, that judgment was vacated, Ayestas v. Davis, 138 S. Ct. 1080. In addition, the Fifth Circuit clarified that it was not referring to habeas counsel's diligence, but to trial counsel's. Ayestas v. Stephens, 826 F.3d 214, 215 (5th Cir. 2016). Ayestas has now developed evidence which, at a minimum, raises a genuine question as to whether trial counsel could have discovered the Siegler Memo through the exercise of reasonable diligence. There is no law of the case precluding a finding that Ayestas's claims are timely.

**C. Procedural Bar**
The parties agree that these claims are procedurally defaulted. Ayestas argues, however, that the default can be excused.

A procedural bar would preclude the court from reviewing Ayestas's claim absent a showing of cause for the default and actual prejudice attributable to the default, or that the court's refusal to review the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991).

"Cause" for a procedural default requires a showing that some objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule, or a showing of a prior determination of ineffective assistance of counsel. Murray v. Carrier, 106 S. Ct. 2639, 2645 (1986); Amadeo v. Zant, 108 S. Ct. 1771, 1776 (1988). Ayestas presents evidence that the Harris County District Attorney's Office withheld the Siegler Memo until its accidental discovery well into his federal habeas corpus proceedings. This is an event external to the defense that impeded Ayestas's efforts to present these claims to the state court in a timely manner and would constitute cause for the default.

**\*4**  As discussed below, Ayestas raises colorable claims that the decision to charge him with capital murder and/or to seek the death penalty may have been based on impermissible considerations of ethnicity, national origin, or alienage. At the summary judgment stage this is enough to raise a genuine issue of material fact as to whether Ayestas suffered prejudice from the withholding of the Siegler Memo. Ayestas shows that there is at least a genuine issue as to whether cause and prejudice excuse his procedural default of these claims.

**D. Ayestas's Claims**
Ayestas argues that the charging decision violated his rights under the Eighth and Fourteenth Amendments. The respondent argues that the claims are barred by the non-retroactivity rule of Teague v. Lane, 109 S. Ct. 1060 (1989), and are without merit.

  1. Teague
In Teague the Supreme Court held that, except in very limited circumstances, a federal habeas court cannot retroactively apply a new rule of criminal procedure. The Court explained that

> a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal

**Ayestas v. Lumpkin, Not Reported in Fed. Supp. (2023)**

Case 4:25-cv-00132-Y    Document 7-1    Filed 03/13/25    Page 5 of 7    PageID 875

> Government.... To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.

Id. at 1070 (emphasis in original, citations omitted). The AEDPA effectively codified the Teague non-retroactivity rule "such that federal habeas courts must deny relief that is contingent upon a rule of law not clearly established at the time the state conviction becomes final." Peterson v. Cain, 302 F.3d 508, 511 (5th Cir. 2002) (citing Williams v. Taylor, 120 S. Ct. 1495, 1506 (2000).

### a. Equal Protection

The respondent argues that the equal protection claim is barred because no prior case held that immigration status is a protected category under the equal protection clause. This mischaracterizes both the facts of the case and Ayestas's claim. The Siegler Memo did not mention Ayestas's immigration status, i.e., that he was in the United States illegally. Rather, it noted that Ayestas is not a United States citizen. While it is true that undocumented immigrants are, by definition, not United States citizens, it is also true that many legal residents of the United States are not citizens. It is at least as likely that the Siegler Memo refers to Ayestas's ethnicity or national origin as to his immigration status, and the Supreme Court has long held that these are suspect classifications under the equal protection clause. See, e.g., Miller v. Johnson, 115 S. Ct. 2475, 2482 (1995); Sugarman v. Dougall, 93 S. Ct. 2842, 2847 (1973). Because it was well established before Ayestas's conviction became final that discrimination on the basis of alienage, ethnicity, or national origin is prohibited by the equal protection clause, Ayestas's equal protection claim in not Teague-barred.

### b. Eighth Amendment

The principle that the Eighth Amendment bars arbitrary and capricious imposition of the death penalty was well established decades before Ayestas's conviction became final.

> The high service rendered by the 'cruel and unusual' punishment clause of the Eighth Amendment is to require legislatures to write penal laws that are evenhanded, nonselective, and nonarbitrary, and to require judges to see to it that general laws are not applied sparsely, selectively, and spottily to unpopular groups.

Furman v. Georgia, 92 S. Ct. 2726, 2735 (1972) (Douglas J. concurring); see also Bordenkircher v. Hayes, 98 S. Ct. 663, 669 (1978) (noting that prosecutorial decisions "based upon an unjustifiable standard such as race, religion, or other arbitrary classification" are unconstitutional). Ayestas's Eighth Amendment claim is not Teague-barred.

### 2. The Substantive Claims

**\*5** The respondent also argues that Ayestas's claims are without merit.

### a. Equal Protection

The respondent argues that the fact that the statement in the Siegler Memo referring to Ayestas's citizenship had a line struck through it proves that citizenship was not a consideration in the charging decision – and that there was therefore no equal protection violation. While the respondent's interpretation is a reasonable one, it is not the only possibility. The record does not establish who struck through the statement, when it was struck through, or the meaning of that strike. In deciding a motion for summary judgment, the court must construe the facts in the light most favorable to Ayestas and grant all reasonable inferences in Ayestas's favor.

The respondent also notes that the Memo is signed by four officials of the Harris County District Attorney's Office, and argues that this undercuts Ayestas's claim that his alienage affected the charging decision because Siegler was not the sole decision maker. Again, the respondent's interpretation of events is a possibility, but not the only one. Construing the facts in the light most favorable to Ayestas, the fact that there are four signatures on the Memo is not fatal to the equal protection claim because we cannot know the role played in the decision by the three other than Siegler.

Ayestas v. Lumpkin, Not Reported in Fed. Supp. (2023)

Case 4:25-cv-00132-Y     Document 7-1     Filed 03/13/25     Page 6 of 7     PageID 876

In a similar vein, the respondent argues that Harris County District Attorney Johnny Holmes, not Siegler, was the final decision maker on the charging decision. While this may be true, it says nothing about the role the Siegler Memo played in that decision, and nothing about whether Ayestas's alienage was a factor in the decision.

Finally, the respondent argues that written comments by Holmes show that Ayestas's alienage played no role in the charging decision. Holmes wrote a note authorizing plea agreements with Ayestas's accomplices, who did not kill the victim, and instructing prosecutors to seek the death penalty against the killer – Ayestas. The respondent argues that this shows that the decision was based on Ayestas's role in the murder. While the respondent's argument appears to be correct, it does not rule out the possibility that Ayestas's alienage was a factor.

It may be that the respondent will be able to present evidence showing that some or all of his interpretations of the facts, as set out above, are correct. Because he has not yet done so, he is not entitled to summary judgment on the equal protection claim.

b. Eighth Amendment

The respondent contends that Ayestas's Eighth Amendment claim is without merit. As discussed above, however, Ayestas raises a colorable claim that the decision to seek the death penalty against him was arbitrary and capricious in violation of the Eighth Amendment.

3. Failure to Develop Evidence

In a supplemental response to the amended petition, the respondent argues that Ayestas cannot present any new evidence in support of his claims under recent Supreme Court precedent. In Shinn v. Martinez Ramirez, 142 S. Ct. 1718 (2022), the Court addressed when and whether a petitioner can present new evidence in support of an argument that ineffective assistance of state habeas counsel provides cause for a procedural default. The case arose within the very specific context of that claim, which the Court, in Martinez v. Ryan, 132 S. Ct. 1309 {2012), held could constitute cause for a procedural default under certain circumstances. That is not the procedural posture of this case.

**\*6** Ayestas has presented evidence that he has cause for his procedural default that has nothing to do with ineffective assistance of state habeas counsel. The respondent argues, however, that Martinez Ramirez has broader application and bars the presentation of any new evidence in a federal habeas corpus proceeding if the petitioner was not diligent in developing that evidence in state court. Assuming that the respondent's broader reading of Martinez Ramirez is correct, the argument is still unavailing. As discussed above, if the Siegler Memo was not included in the case file given to trial counsel for review, then any delay in the development of this evidence was due to the suppression of the Siegler Memo. Martinez Ramirez does not bar Ayestas's presentation of evidence in support of his claims.

### V. Motion for Discovery

Ayestas has filed a Motion for Discovery (Docket Entry No. 126), which the respondent opposes (Respondent's Opposition to Ayestas's Motion for Discovery, Docket Entry No. 129). Ayestas seeks various categories of documents pertaining to the Siegler Memo and Harris County District Attorney's Office practices and policies.

Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure ...." Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief ..." Bracy v. Gramley, 117 S. Ct. 1793, 1799 (1997).

The respondent first argues that the requests are premature because Ayestas was not diligent in developing this evidence in state court, because Ayestas is precluded by statute and Supreme Court precedent, and – in two related arguments – because the court has not yet determined whether Ayestas can move forward with his claims for relief, and because Ayestas has not made a prima facie case for relief. All of these objections have been addressed.

The respondent next argues that he is not in possession of the documents that Ayestas seeks. While this statement may be true, it is no bar to discovery. Ayestas's Motion for Discovery seeks leave to conduct discovery, not an order compelling the respondent to produce documents. The Federal Rules of Civil Procedure provide mechanisms for seeking discovery from

non-parties. The fact that the respondent is not the custodian of the documents at issue is irrelevant to the motion at hand.

Finally, the respondent argues that the proposed discovery is overbroad and amounts to a fishing expedition. The "fishing expedition" argument is without merit; the requests relate to specific claims raised by Ayestas and defenses raised by the respondent. The motion does seek a broad range of documents, however, and the respondent may be correct that some of the requests are overbroad.

Ayestas has shown good cause for discovery. The motion will be granted subject to the following:

1. The respondent may file specific objections to the petitioner's discovery requests within 30 days. The objections may include a discussion of the scope of discovery permitted under Fed. R. Civ. P. 26(b) (1).

2. The petitioner may respond to the respondent's objections within 30 days of the objections.

3. No extensions of these deadlines will be granted.

### VI. Conclusion

Ayestas has presented evidence raising questions as to whether the decision to seek the death penalty against him was based on constitutionally impermissible factors. While the respondent raises numerous defenses to Ayestas's claims, the record, in its current state, shows that there are material questions of fact precluding the entry of judgment based on those defenses at this time. This is not intended as a final statement on the validity of those defenses; it may be that a more complete record will show that Ayestas cannot avoid a procedural bar and/or that his claims are without merit. At this juncture, however, the court cannot say that the defenses preclude relief.

**\*7** For the foregoing reasons, it is **ORDERED** as follows:

1. Respondent's Opposed Motion to Strike New Evidence and Argument or, Alternatively, Unopposed Motion for Leave to File Sur-Reply to Petitioner's Reply to Respondent's Answer (Docket Entry No. 125) is **DENIED;**

2. Respondent's Motion for Summary Judgment (Docket Entry No. 115) is **DENIED;** and

3. The petitioner's Motion for Discovery (Docket Entry No. 126) is **GRANTED** as set out above.

**SIGNED** at Houston, Texas, on this 16th day of March, 2023.

**All Citations**

Not Reported in Fed. Supp., 2023 WL 2541709

---