IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC PRESCOTT KAY,<br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | No. 4:25-CV-132-Y<br>   (4:20-CR-269-Y-1) |

**APPENDIX TO**
**GOVERNMENT'S RESPONSE MOTION UNDER 28 U.S.C. § 2255**

          Respectfully submitted,

          Nancy E. Larson
          Acting United States Attorney

          *s/ Jonathan Bradshaw*
          Jonathan Bradshaw
          Assistant United States Attorney
          Colorado Bar No. 43838
          1100 Commerce Street, Third Floor
          Dallas, Texas 75242
          Telephone: (214) 659-8600
          E-mail: jonathan.bradshaw@usdoj.gov

## CERTIFICATE OF SERVICE

    I certify that on July 9, 2025, I electronically filed this appendix with the clerk of court for the U.S. District Court, Northern District of Texas, which generated service to David Gerger, Poorav Rohatgi, and Brett Ordiway, counsel for Kay.

                                                *s/ Jonathan Bradshaw*
                                                Jonathan Bradshaw
                                                Assistant United States Attorney



**U.S. Department of Justice**

United States Attorney
Northern District of Texas

*1100 Commerce Street, Third Floor*  Main: 214.659.8600
*Dallas, Texas  75242-1699*  Fax:   214.659.8802

October 4, 2021

Michael Molfetta
Molfetta Attorney at Law
4425 Jamboree Road
Newport Beach, California 92660

Reagan Wynn
Reagan Wynn Law
5049 Edwards Ranch, 4th Floor
Fort Worth, Texas 76109

    *Re:  United States v. Eric Prescott Kay*, 4:20-CR-269-Y

Dear Counsel,

    As you know, Mr. Kay's trial date is again quickly approaching.  While our last plea negotiations did not result in an agreement, the government wanted to extend a formal plea offer to Mr. Kay, in light of some of the recent court rulings and before we begin our final trial preparations.

    As we have discussed, if convicted on Count Two of the Indictment, Mr. Kay is subject to a mandatory minimum term of imprisonment of twenty years.  The government is again formally offering Mr. Kay an 11(c)(1)(C) plea to Count One of the Indictment for an agreed sentencing range of 84–120 months.

    Because we are actively preparing for trial, we need a response to our offer on or before October 12, 2021 at 5:00 pm.  Should Mr. Kay refuse this plea offer, after October 12, 2021, the government would not agree to anything less than a 10 year agreed sentence.  Please also confirm on or before this date that you have relayed all of the government's offer to your client, Eric Kay.

    Please let me know if you have any questions or want to discuss any matters related to this case. Thank you and we look forward to hearing from you.

    Respectfully,

    CHAD E. MEACHAM
    ACTING UNITED STATES ATTORNEY

    */s/ Lindsey Beran*
    Lindsey Beran
    Assistant United States Attorney

From: Beran, Lindsey (USATXN) <lindsey.beran@usdoj.gov>
Reply: Beran, Lindsey (USATXN) <lindsey.beran@usdoj.gov>
Date: October 8, 2021 at 7:20:55 AM
To: Wm. Reagan Wynn <rw@reaganwynn.law>, Michael Molfetta <michael@michaelmolfettalaw.com>
Cc: Martin, Errin (USATXN) <errin.martin@usdoj.gov>, Bradshaw, Jonathan (USATXN) <jonathan.bradshaw@usdoj.gov>
Subject: RE: [EXTERNAL] Re: Plea Offer, United States v. Eric Kay

Reagan – Thanks again for coming over to meet with us. We have gotten authority to offer an 11(c)(1)(C) plea to Count One of the Indictment for an agreed sentencing range of 60-120 months. This offer will remain open until 5:00 pm on October 12, 2021. After that point, the government would not agree to anything less than a 10 year agreed sentence.

As we discussed, there are certain items that must be included in the factual resume. Those would include the following:

- On or about June 30, 2019, Eric Kay obtained controlled substances, namely counterfeit oxycodone pills, for the purpose of distributing those pills to T.S.
- On or about June 30, 2019, Eric Kay distributed fentanyl to T.S.
- On or about June 30, 2019, T.S. and Eric Kay communicated via text about Eric Kay providing controlled substances to T.S., and Eric Kay visited T.S. at T.S.'s hotel room in Southlake, Texas.
- T.S. was found dead in his hotel room on July 1, 2019 from a drug overdose. More specifically, T.S. died from mixed ethanol, fentanyl and oxycodone intoxication.
- Eric Kay provided T.S. with controlled substances, including 30 mg oxycodone pills, several times and on a regular basis for several years. These pills were often blue in color.
- Since approximately 2017, Eric Kay provided oxycodone to several other individuals in their place of employment, including Angel Stadium, and while they were working.
- On July 1, 2019, when interviewed by the Southlake Police Department, Eric Kay lied to police about when he last saw T.S. prior to T.S.'s death.

Thanks,

Lindsey



January 10, 2022

**VIA EMAIL (<u>lindsey.beran@usdoj.gov</u>)**

Lindsey Beran
Assistant U.S. Attorney
1100 Commerce Street, Suite 300
Dallas, Texas 75242

    *RE:  Eric Kay*

Dear Lindsey:

    I am writing to follow up on our December 8, 2021, phone conversation regarding any perceived conflict of interest between our client, Eric Kay, and my co-counsel, Michael Molfetta.

    I have discussed this matter with Mr. Kay thoroughly. Specifically, Mr. Kay is aware Mr. Molfetta's son was signed by the Los Angeles Angels organization and is currently playing baseball in the organization. Mr. Kay and I have discussed any and all possible conflicts of interest this situation could present in Mr. Molfetta's continued representation of Mr. Kay. After being thoroughly advised, Mr. Kay has instructed me to inform you he will not assert any claim of conflict of interest and he specifically objects to any action being taken to remove Mr. Molfetta as his counsel of record.

    Further, Mr. Kay and I have again discussed the 11(c)(1)(C) plea offer you communicated to us on or about October 8, 2021, under which Mr. Kay would have pleaded "guilty" to the conspiracy charge in Count One of the Indictment in exchange for an agreed

sentencing range of 60-120 months. Mr. Kay was fully aware of the situation with Mr. Molfetta's son when he rejected that offer in October. I have now communicated that offer to Mr. Kay again with a specific emphasis on any potential conflict of interest on Mr. Molfetta's part arising from his son playing professional baseball for the Los Angeles Angels organization. Having been fully advised, Mr. Kay again instructed me to reject the offer on his behalf.

As you can imagine, neither Mr. Molfetta nor I have any interest in being accused of rendering ineffective assistance of counsel based on a perceived conflict of interest, much less of having a court make a finding in the future indicating we were, in fact, ineffective because of an actual conflict. Accordingly, I can assure you we have adequately documented our file to insure we could easily disprove any such accusation in the future.

Finally, as per our previous conversation and subsequent emails, we are requesting that you not file anything with the Court mentioning Mr. Molfetta's son's situation or referring to this perceived potential conflict of interest. We believe there is no actual conflict of interest and that any such filing would be frivolous based on the information provided to you.

Thank you for your time and consideration.

Sincerely yours,

Wm. Reagan Wynn
rw@reaganwynn.law

Lindsey Beran
January 10, 2022
Page 3

cc: Michael Molfetta
(via email michael@michaelmolfettalaw.com)

Errin Martin
(via email emartin@usa.doj.gov)

Joseph Lo Galbo
(via email jlogalbo@usa.doj.gov)

# AFFIDAVIT

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TARRANT** | § |

BEFORE ME, the undersigned authority, personally appeared Delaney Green who being by me duly sworn, deposed as follows:

"My name is Delaney Green and I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the Patrol Captain for the City of Southlake Police Department. I began my career with the Southlake Police Department in August 2013. In August 2016, I was promoted to Detective and served in the Criminal Investigations Division until my promotion to Corporal in September 2019. I remained in that division until March 2022, when I was promoted to Sergeant and reassigned to the Patrol Division. In October 2022, I returned to Criminal Investigations as the divisional Sergeant, and in June 2023 I advanced to the role of Captain over the Patrol Division.

Tyler Skaggs's cellphone was recovered from the crime scene on July 1, 2019. I transported it to the Grapevine Police Department forensic lab, where Detective R. Weber and I began the Cellebrite extraction on July 17, 2019. I recall initiating that extraction alongside Detective Weber, a certified Cellebrite operator and computer-forensics examiner, as we had on multiple prior occasions. Because digital extractions can take hours or days depending on device and data volume, I left both the cellphone and iPad in Detective Weber's custody at the lab to complete processing.

I did not obtain formal Cellebrite certification until January 2020; however, prior to the T. Skaggs investigation, I participated in several extraction procedures under Detective R. Weber—a Cellebrite certified examiner—thereby acquiring hands-on experience in utilizing Cellebrite software for electronic extractions.

To my knowledge, no data was altered or deleted from T. Skaggs's phone between the time I took custody and the time it was imaged; the phone remained in airplane mode, as I testified. This statement remains true and accurate.

I reaffirm under penalty of perjury that all statements I made during my investigation, every answer I provided on the witness stand during the criminal trial, and my deposition testimony on June 26, 2025, are true and accurate to the best of my knowledge and recollection. I stand by my testimony in its entirety."

_____
Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the **9TH** day of July, 2025.

_____
Notary Public, State of Texas

**SENORA SPENCER**
Notary's Printed Name

My Commission Expires: **3/14/2027**