IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC PRESCOTT KAY | § |
| | § |
| vs. | §   ACTION NO. 4:25-CV-269-Y |
| | §   (Crim. No. 4:20-CR-269-Y) |
| UNITED STATES OF AMERICA | § |

**KAY'S SUPPLEMENTAL MOTION FOR LEAVE TO CONDUCT RULE 6
DISCOVERY IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255**

To the Honorable Court:

The government relied significantly on Tyler Skaggs's phone data at trial to draw connections between his death and Eric Kay. Accordingly, a thorough review of available data from Mr. Skaggs's phone would have been critical to Mr. Kay's defense. In the time since we moved for relief under 28 U.S.C. § 2255 and for leave to conduct discovery, additional relevant information has come to our attention showing that the government has had access to comprehensive extractions of Mr. Skaggs's cell phone and iPad, not just the summary reports provided to Mr. Kay's trial defense team. Accordingly, Mr. Kay moves for leave to conduct additional discovery.

1. Legal Standard

"A judge may, for good cause, authorize a [habeas petitioner] to conduct discovery. . . ." Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter, "Rule 6"). A petitioner shows good cause "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. . . ." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (internal quotation and citation omitted). In *Bracy*, the Supreme Court held that even where a petitioner presents "only a theory . . . not supported by any solid evidence," a district court abuses

its discretion in denying discovery. *Id.* at 908 (holding that the district court abused its discretion in denying Rule 6 discovery to develop more fully a judicial-bias claim). This is true even if, ultimately, the "petitioner [is] unable to obtain evidence sufficient to support a finding of actual judicial bias. . . ." *Id.* at 909; *see also Ayestas v. Lumpkin*, 2023 WL 2541709, at *6 (S.D. Tex. Mar. 16, 2023) (finding that the habeas petitioner had shown good cause for discovery on his equal protection and Eighth Amendment claims over the Government's "fishing expedition" objection because "the [discovery] requests relate to specific claims," and adding that the respondent could address the potential overbreadth of the requests through filed objections under Fed. R. Civ. P. 26(b)(1)).

"A party requesting discovery must provide reasons for the request . . . and specify any requested documents." Rule 6(b). "Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Bracy*, 520 U.S. at 909.

### 2. Reasons for the Request

In support of his fourth, fifth, and sixth grounds in his Section 2255 motion, Mr. Kay's original motion for leave to conduct discovery requested materials relating to the Southlake and Grapevine Police Departments' handling of Mr. Skaggs's iPhone, including:

Request 8:    All communications, documents, and materials relating to the DEA's or Secret Service's handling of Mr. Skaggs's phone;

Request 11:   All extractions, downloads, uploads, and reports of Mr. Skaggs's phone created by Richard Weber or anyone else at the Grapevine Police Department; and

    Request 12:    All extractions, downloads, uploads, and reports of Mr. Skaggs's phone created by Delaney Green or anyone else at the Southlake Police Department.

ECF No. 7 at 4. Mr. Kay explained that the government relied heavily on Mr. Skaggs's phone data at trial, highlighting messages sent between the two men the day before Mr. Skaggs's death. ECF No. 7 at 3 (citing Memorandum at 25-28). But post-trial investigation revealed further evidence that the original, July 2019 extraction of Mr. Skaggs's phone may have jeopardized the phone records' integrity and allowed an opportunity to tamper with the phone to go unnoticed. Indeed, contrary to Southlake Police Detective Delaney Green's testimony that she alone handled, processed, and performed the extraction (Crim. Case ECF No. 210 (Trial Transcript 2/10/2022), at 28-30), it was in fact Grapevine Police Detective Richard Weber.

    Mr. Kay has since determined that, just as the government provided undersigned counsel with only the summary report (known as a UFDR file) from the Secret Service's November 2020 extraction of Mr. Skaggs's phone, not the raw extraction data (known as a UFD, UFED, or UFDX file), the government provided his trial counsel with only summary reports of the July 2019 extraction of Mr. Skaggs's phone and iPad. Critically, the summary report of the phone extraction does not contain any text or chat data, and the iPad summary report contains little data at all. The missing text or chat data raises the possibility that Detective Weber did not collect such data, further underscoring the need for the raw extraction data from the July 2019 extraction. Indeed, if Detective Weber failed to collect text or chat data, that would have been a grave mistake and additional evidence of the mishandling of Mr. Skaggs's phone. And if Detective Weber did collect text or chat data but the summary reports given to trial counsel failed to include that data, that would also be pertinent to review.

Testimony given by Detective Weber in his April 28, 2025 deposition in the Skaggs family's civil wrongful-death lawsuit against the Los Angeles Angels[1] suggests that this extraction data still exists in the custody of the Southlake Police Department. Particularly, Detective Weber testified that he performed two Cellebrite extractions on Mr. Skaggs's phone, using a "Method 1" and a "Method 2," *see* Weber Depo., at 105; that the extractions' data was saved onto the Grapevine Police Department server on September 10, 2019, *see id.* at 102-103, 117; and that on April 5, 2021, the extractions' data was moved from the Grapevine Police Department server to the Southlake Police Department server (which was, at least then, also located in a "Faraday room"[2] at the Grapevine Police Department). *See id.*

What's more, Mr. Kay has discovered further inconsistencies between Detective Weber's and Detective Green's recollection of the extraction. At Mr. Kay's trial, Detective Green testified that *she* took Mr. Skaggs's phone to the Grapevine Police Department for the extraction. Crim. Case ECF No. 210 at 28. But in his deposition, Detective Weber testified that he picked up the phone from Southlake PD. *See* Weber Depo., at 93, 95-96. Likewise, in her affidavit included with the government's response to Mr. Kay's Section 2255 motion, Detective Green claimed that she "recall[s] initiating that extraction alongside Detective Weber." ECF No. 17, at 6-7. In his deposition, however, Detective Weber testified that he does not believe Detective Green "stood there and watched [him] do it" because if she had, she would have the performed the extraction herself. *See* Weber Depo., at 111. Indeed, Detective Weber did not believe that Detective Green had ever used Grapevine's Cellebrite to do an extraction before that time. *See id.*

---

[1] *Skaggs, et al. v. Angels Baseball, LP*, Case No. 30-2021-01231706-CU-PO-NJC (Superior Court of the State of Califonrnia in and for the County of Orange).
[2] A Faraday room is a room shielded from external electromagnetic fields, preventing outside parties from tampering with electronic devices within.

Finally, Mr. Kay has learned that a third extraction of Mr. Skaggs's phone was performed, by the Secret Service in September 2019.

### 3. Requested Documents and Deposition

Undersigned counsel has conferred with the government and asked whether it possesses the raw extraction data from the July 2019 Grapevine Police Department extraction and any materials relating to the September 2019 Secret Service extraction. The government advised that it did not know and, in any event, that it opposes providing discovery absent an order from this Court.

Of course, because the Grapevine and Southlake PDs and Secret Service were part of the prosecution team in this case, the government is charged with those agencies' possession and control of the requested materials, regardless of whether the federal prosecutors themselves knew about them. Accordingly, Mr. Kay respectfully now supplements his requests with the following additional requests (to the extent his original Motion for Leave to Conduct Rule 6 Discovery, ECF No. 7, does not already cover these additional requests):

(19)   The raw extraction data from the July 2019 Grapevine Police Department extraction of Mr. Skaggs's iPhone and iPad;

(20)   Any materials relating to the September 2019 Secret Service extraction;

(21)   The raw extraction data from the November 2020 Secret Service extraction;

(22)   Leave to depose Grapevine Police Detective Richard Weber.

Because the specific allegations in the memorandum supporting Mr. Kay's Section 2255 motion demonstrate that he is entitled to relief if the facts surrounding his claims were more fully developed, good cause exists to grant Mr. Kay leave to conduct Rule 6 discovery.

Respectfully submitted,

/s/ Brett Ordiway
Brett Ordiway
Texas Bar No. 24079086
brett@ordiway.com

ORDIWAY PLLC
8350 N. Central Expy. Ste. 1900
Dallas, Texas 75206
469.205.1600 – Telephone

/s/ David Gerger
David Gerger
Texas Bar No. 07816360
dgerger@ghmfirm.com

Poorav K. Rohatgi
Texas Bar No. 24093063
prohatgi@ghmfirm.com

GERGER HENNESSY MARTIN
& PETERSON LLP
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400 – Telephone

## CERTIFICATE OF CONFERENCE

Assistant United States Attorney Jonathan Bradshaw advised that the government is opposed to this motion.

/s/ David Gerger
David Gerger

## CERTIFICATE OF SERVICE

I certify that counsel of record in this case have, on this the 24th day of October, 2025, been served electronically via the CM/ECF system of this Court.

/s/ David Gerger
David Gerger