**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

**ERIC PRESCOTT KAY**

**vs.**                                                    **ACTION NO. 4:25-CV-132-Y**
                                                           **(Crim. No. 4:20-CR-269-Y)**

**UNITED STATES OF AMERICA**

**UNOPPOSED MOTION TO WITHDRAW AND TO APPOINT COUNSEL**

Counsel for petitioner Eric Kay moves to withdraw from this matter, as set out below.   A third party that agreed to pay his legal fees and costs has refused to pay, leaving Kay's current counsel with over $130,000 in unpaid fees and out-of-pocket expenses, as explained below.

## 1.   A THIRD PARTY OFFERS TO HELP

In November 2024, a lawyer for the Los Angeles Angels Major League Base-ball team approached counsel in Texas: the team offered to pay the legal fees for its former employee Eric Kay to have representation in a motion for postconviction relief under 28 U.S.C. § 2255.  Mr. Kay lacked the resources to pay for such counsel himself.  Based on that offer, and Mr. Kay's agreement, David Gerger (Gerger Hen-nessy Martin & Peterson) agreed to represent Mr. Kay, on the condition that his duties were to *Mr. Kay*, not to the team or any other third party.  A company affiliated

with team ownership ("the Company") agreed to the fees and signed a payment contract.  Eric Kay agreed to the third-party payment in a separate engagement letter.[1]

Gerger recruited Brett Ordiway as his co-counsel, and they investigated and filed a § 2255 motion on February 12, 2025 (Doc. 1), followed by a Memorandum and Corrected Memorandum (Docs 6, 10), and a motion to take discovery (Doc. 23).  On February 19, 2026, this Court entered an order granting certain discovery related to (1) medical examiner protocols and results and (2) Tyler Skaggs' phone (Doc. 24).  Through that discovery, counsel hopes to learn more about (1) the "but for" medical cause of Mr. Skaggs' death and (2) whether Mr. Skaggs had communications shortly before his death with drug suppliers other than Eric Kay (or whether law officers mishandled the phone so that evidence could have been lost or compromised).

## 2.    THE THIRD PARTY PAID BUT NOW HAS STOPPED

The Company paid Mr. Kay's fees for several months through June 2025, including out-of-pocket expenses such as the cost to consult experts in toxicology, pathology, and telephone forensics.  *However,* on March 6, 2026, the same team lawyer who initially contacted Gerger told Gerger that the Company would not pay for any work going forward.  Moreover, by that time, the Company was late on over

---

[1]    The Company's payment contract provided that while the Company would pay Mr. Kay's fees and expenses, Gerger would represent Mr. Kay and *not* the Company.  In a separate engagement letter, Mr. Kay agreed with the Company's paying the fees and further agreed that if the Company breached its agreement or failed to pay for any reason, then Gerger could withdraw from the representation.

$130,000 in fees and expenses incurred since June 2025.[2]    Gerger – seeking to avoid this motion – hired counsel and wrote the Company to offer a discounted rate, but the Company has not changed its position.

### 3. __WITHDRAWAL AND APPOINTMENT OF COUNSEL.__

As noted in footnote 1, Mr. Kay agreed in his engagement letter to payment by a third party and further agreed that if the Company breached its agreement or failed to pay for any reason, then Gerger could withdraw from the representation. In these circumstances, Gerger Hennessy Martin & Peterson LLP and Ordiway PLLC move to withdraw, with Mr. Kay's agreement.

We also respectfully ask the Court to appoint replacement counsel for Mr. Kay. There are several bases for this request. First, the Criminal Justice Act provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who – **(B)** is seeking relief under section . . . 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). "In exercising its discretion to appoint counsel, however, the district court should first determine whether the petitioner has presented a nonfrivolous claim, and then should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present

---

[2]    While the Company had paid prior invoices late, Gerger had no indication until March 6 that the Company was stopping payment.  Gerger is now having to consult with his own counsel about recovering what is owed.

his claims, along with any other relevant factors." *Martin v. Fayram*, 849 F.3d 691, 699 (8th Cir. 2017) (cleaned up; citations omitted); *cf. United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993) (federal prisoner entitled to appointment of counsel where he showed a fair likelihood of success on his claim, the claim was factually complex and legally intricate, facts were undeveloped, and prisoner, who was both incarcerated and indigent, was severely hampered in his ability to investigate).

These factors favor appointment of counsel for Mr. Kay. Mr. Kay has raised a number of serious constitutional claims that are at least colorable. (Indeed, the Court has implicitly recognized the nonfrivolous nature of Mr. Kay's claims by granting leave to conduct discovery.) Those claims are both factually and legally complex (especially the medical issues around whether fentanyl was indeed the but-for cause of Mr. Skaggs's death). And, without counsel, Mr. Kay, who is both incarcerated and a layman, will be at a severe disadvantage in developing those claims. Under these circumstances, "the interests of justice" suggest that the Court should exercise its discretion by appointing replacement counsel.

We note that two other provisions even more strongly suggest this result. First, as noted, the Court has granted Mr. Kay leave to conduct discovery (Doc.24); and Rule 6(a) of the Rules Governing Section 2255 Proceedings explicitly provides that "[i]f necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under18 U.S.C. § 3006A."

4

Rule 6(a), § 2255 Rules.  Here, in particular, the discovery ordered for Mr. Kay requires the assistance of counsel both to access that discovery and to consult with experts respecting the effect of that discovery on the case.  Second, we note that Mr. Kay has requested – and, in our view, already qualified for – an evidentiary hearing on his claims; and Rule 8(c) of the § 2255 Rules provides:

> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.  The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare.  These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

Rule 8(c), § 2255 Rules.

In sum, Mr. Kay's claims already show sufficient merit so as to warrant the appointment of counsel to continue the work done to date; and we request appointment of counsel for that purpose.  We took the liberty to contact the Federal Public Defender for this District, who reports that it does not have a conflict or objection to appointment if the Court exercises its discretion to appoint counsel.  We understand from Mr. Kay that his finances have deteriorated significantly since his sentencing, and we can assist Mr. Kay in supplying the necessary financial affidavit for appointment of counsel under the CJA.

*   *   *

5

For the foregoing reasons, Mr. Kay moves that the Court (1) allow his current counsel (Gerger Hennessy Martin & Peterson, LLP, and Ordiway PLLC) to withdraw from this matter; and (2) appoint replacement counsel under the Criminal Justice Act, 18 U.S.C. § 3006A.

Mr. Kay agrees with this motion, and the government is unopposed.

Respectfully submitted,

/s/ Brett Ordiway
Brett Ordiway
Texas Bar No. 24079086
brett@ordiway.com
ORDIWAY PLLC
8350 N. Central Expy. Ste. 1900
Dallas, Texas 75206
469.205.1600 – Telephone

/s/ David Gerger
David Gerger
Texas Bar No. 07816360
dgerger@ghmfirm.com
Poorav K. Rohatgi
Texas Bar No. 24093063
prohatgi@ghmfirm.com
GERGER HENNESSY MARTIN
& PETERSON LLP
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400 – Telephone

## **CERTIFICATE OF CONFERENCE**

The United States does not oppose this motion for Gerger Hennessy and Brett Ordiway to withdraw.  We have sent discovery requests to the United States, and the United States asks, and we agree, that the deadline for the United States to respond to Mr. Kay's discovery request be extended to two weeks after any new counsel enters.  That extension will give the government time to confer with new counsel regarding the protective order and make arrangements with new counsel to deliver the discovery to them.

/s/ David Gerger
David Gerger

## **CERTIFICATE OF SERVICE**

This pleading was filed electronically via the CM/ECF system of this Court, serving all parties.

/s/ David Gerger
David Gerger

7