IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ERIC PRESCOTT KAY,
        Movant,

v.

UNITED STATES OF AMERICA,
        Respondent.

No.    4:25-CV-132-Y
(4:20-CR-269-Y-1)

## GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER

Pursuant to Rules 16 and 49.1 of the Federal Rules of Criminal Procedure, the government files this motion to protect personally identifiable information and personal and confidential information that will be produced to Kay in this 28 U.S.C. § 2255 proceeding.

**1.    This Court has already issued two protective orders governing the kinds of material to be produced.**

During the pendency of Eric Prescott Kay's criminal case, the government sought—and this Court entered—an Order Granting Motion for Protective Order.  (CR Nos. 18, 21.)  After Kay's conviction and unsuccessful direct appeal, his then post-conviction counsel asked the government to supply an image of the extraction of the victim's cellphone.  The government agreed to do so, subject to a second protective order.  (*See* CR No. 237 at 2.)  Accordingly, the government sought—and this Court entered—a second protective order, governing the reproduction of personal information contained on the victim's cellphone.  (CR Nos. 237, 242.)  Both protective orders remain in full force and effect.  (*See* CR No. 242 at 2.)

1

Kay later moved to set aside his conviction under 28 U.S.C. § 2255, (CV No. 1), and this Court granted Kay permission to conduct discovery in this Section 2255 proceeding, (CV No. 24). Kay's counsel requested discovery from the United States (as well as several local governments), and then withdrew from the case, (*see* CV Nos. 25-26).

This Court has now appointed the Office of the Federal Public Defender to represent Kay. (CV No. 26.) Before the United States provides Kay's new counsel with post-conviction discovery in this matter, it first seeks a protective order shielding sensitive portions of that discovery from undue disclosure.

**2.      This Court should likewise enter a protective order governing the forthcoming production of post-conviction discovery.**

The government respectfully requests that this Court enter a protective order addressing the production of post-conviction discovery. The government further requests that the Court note that its first two protective orders remain in full force and effect.

Kay's discovery request seeks, among other items, copies of extractions performed on the victim's cellphone and autopsy photographs of the victim. As this Court has already recognized, such information is properly subject to a protective order. (*See* CR Nos. 21, 242.) Therefore, the government respectfully requests that the Court enter a protective order in this civil action that prohibits Kay's post-conviction counsel, or any person or expert hired by counsel, from providing, sharing, or showing a copy of the

2

victim's cellphone or any portion of it to any other law firm, entity, or individual not employed by Kay's post-conviction lawyers.[1]

Similarly, the government respectfully requests that the Court enter a protective order in this civil action that prohibits Kay's post-conviction counsel, or any person or expert hired by counsel, from providing, sharing, or showing a copy or any portion of the photographs from the victim's autopsy to any other law firm, entity, or individual not employed by Kay's post-conviction lawyers.[2]

Such an order properly protects the victim's privacy interest, while still enabling Kay's post-conviction lawyers to pursue his collateral attack.  Accordingly, the government requests that this motion be granted as to Kay and his post-conviction attorneys, and that this Court enter a protective order limiting the disclosure of the above identified materials consistent with the requests contained in this motion.

---

[1] Further, should post-conviction counsel hire any outside expert or contractor, the government asks that the Court order that counsel provide a copy of the Court's Protective Order to said individual or company, and before disclosing the materials to any such individual or company, such individual or company representative shall agree to be subject to the terms of the Protective Order by signing a copy of the Court's order and stating they "agree to be bound by the terms herein," and providing such copy to Kay's post-conviction counsel.  Further, all such acknowledgments shall be retained by post-conviction counsel and shall be subject to *in camera* review for good cause shown.

[2] Further, should post-conviction counsel hire any outside expert or contractor, the government asks that the Court order that counsel provide a copy of the Court's Protective Order to said individual or company, and before disclosing the materials to any such individual or company, such individual or company representative shall agree to be subject to the terms of the Protective Order by signing a copy of the Court's order and stating they "agree to be bound by the terms herein," and providing such copy to Kay's post-conviction counsel.  Further, all such acknowledgments shall be retained by post-conviction counsel and shall be subject to *in camera* review for good cause shown.

Respectfully submitted,

Ryan Raybould
United States Attorney

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
jonathan.bradshaw@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that on April 14, 2026, I conferred with Naomi Fenwick and McKenzie

Edwards, counsel for Kay, who are unopposed to this motion for a protective order.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on April 15, 2026, I electronically filed this motion with the clerk of

court for the U.S. District Court, Northern District of Texas, which generated service to

counsel for Kay.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney