# EXHIBIT A

1

8350 N. Central Expressway, Suite 1900
Dallas, Texas 75206
469.205.1600
www.ordiway.com

Ordiway PLLC
APPELLATE & POST-CONVICTION ATTORNEYS

March 5, 2026

Sarah Blum
Records Manager
Southlake Police Department
1400 Main Street, Suite 460
Southlake, Texas 76092
sblum@cityofsouthlake.com

Re:     Request for Production
        *Kay v. United States*, No. 4:25-CV-132-Y

Dear Ms. Blum:

Pursuant to the enclosed order granting Eric Prescott Kay leave to conduct discovery, and under Federal Rule of Civil Procedure 34, I request that the Southlake Police Department produce the following documents and materials in connection with case number 19SP053735 for inspection and copying:

1. all communications, documents, and materials relating to the Southlake Police Department's handling of Tyler Skaggs's cell phone;

2. all communications between Southlake Police Detective Delaney Green and Grapevine Police Detective Richard Weber relating to Skaggs's cell phone;

3. all documents and materials relating to the full chain of custody of Skaggs's cell phone;

4. all extractions, downloads, uploads, and reports of Skaggs's cell phone created by Detective Green or anyone else at the Southlake Police Department;

5. all documents and materials relating to the Southlake Police Department's document-retention policies for criminal investigations involving a death for 2019 to present;

1

8350 N. Central Expressway, Suite 1900
Dallas, Texas 75206
469.205.1600
www.ordiway.com

6. the raw extraction data from the July 2019 extraction of Skaggs's cell phone and iPad;

I request that all documents and materials be produced to my office within 30 days, but in no event later than May 15, 2026, to ensure compliance with the court's June 1, 2026, discovery cutoff, in electronic format (searchable PDF or native format where applicable, such as raw extraction data) via a secure file-sharing link or encrypted external storage media. Under Federal Rule of Civil Procedure 34(b)(2)(A), service of a written response to this request is due from you within 30 days of the date of service of this request.

Sincerely,

Brett Ordiway
Texas Bar No. 24079086
brett@ordiway.com

2

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ERIC PRESCOTT KAY                    §
                                     §
VS.                                  §        ACTION NO. 4:25-CV-132-Y
                                     §     (Crim. No. 4:20-CR-269-Y(1))
UNITED STATES OF AMERICA             §

## ORDER PARTIALLY GRANTING MOTIONS FOR LEAVE TO CONDUCT DISCOVERY

Pending before the Court is the Motion for Leave to Conduct Rule 6 Discovery in Support of Motion Under 28 U.S.C. § 2255 (doc. 7) filed by petitioner Eric Prescott Kay.  Also pending before the Court is Kay's Supplemental Motion for Leave to Conduct Rule 6 Discovery in Support of Motion Under 28 U.S.C. § 2255 (doc. 23).  The government has not filed responses to either motion.  Rather, in its response to Kay's § 2255 motion, the government devoted two paragraphs to responding to Kay's first motion for discovery.  (Govt.'s Resp. to Mot. Under 28 U.S.C. § 2255 (doc. 16) at 44-45.)  After review of the motions, the government's two-paragraph response to the first motion, and the applicable law, the Court concludes that the motions should be, and they are hereby, PARTIALLY GRANTED.

## I.  Legal Standard

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramely*, 520 U.S. 899, 904 (1977).  Rather, Rule 6 of the rules governing habeas motions requires that a movant show "good cause" before being permitted to conduct discovery.  RULES GOVERNING § 2255 PROCEEDINGS FOR THE UNITED STATES COURTS 6(a).  The movant "must provide

reasons for the request. . . , [and] must specify any requested documents." *Id.* at Rule 6(b). "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris v. Nelson*, 394 U.S. 286, 300 (1969); *see also United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014) ("A petitioner demonstrates 'good cause' under Rule 6(a) 'where specific allegations before the court show reason to believe that the petition may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" (quoting *Bracy*, 520 U.S. at 908-09)). But "[t]he burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011). "[T]he scope and extent of such discovery is a matter confided to the discretion of the District Court." *Bracy*, 520 U.S. at 909. A district court abuses its discretion in denying a request for discovery, however, "when discovery is 'essential for the habeas petitioner to develop fully his underlying claim.'" *Id.* (quoting *Smith v. Mahoney*, 611 F.3d 978, 997 (9th Cir. 2010)).

## II.  Analysis

A.  Medical Examiner's File

Kay first seeks various documents from the file of the Tarrant County Medical Examiner ("TCME"), noting that "a critical part of

this case was whether fentanyl allegedly distributed by Mr. Kay to Mr. Skaggs was the but-for cause of Mr. Skaggs's death." (Mot. for Leave to Conduct Rule 6 Discovery (doc. 7) at 2 (hereinafter "Original Mot.").) Although Kay admits the government provided "much of" the TCME'S file during discovery in his criminal case, he contends certain "key documents were missing." (*Id.*) Specifically, Kay seeks:

> (1) all documents and materials relating to the TCME's file on Skaggs's death;
>
> (2) all documents and materials relating to the TCME's lab protocols from 2019 to 2022;
>
> (3) all documents and materials relating to chromotagrams for Skaggs; and
>
> (4) all documents and materials relating to autopsy photographs of Skaggs, "including photographs of organs such as the lungs." (*Id.* at 3.)

Regarding these requests, Kay's original motion contends that his newly retained "[t]oxicology experts emphasize that these additional documents would be helpful to further their analysis." (*Id.* at 3, n.1). In support, Kay cites Amanda Culbertson's declaration, in which she notes that "it is still unclear what the limit of detection for norfentanyl [a metabolite of fentanyl] is in this laboratory." (Kay's App. (doc. 11-18) at 289). And Kay notes that forensic toxicologist Greg Jellick's "findings are supported by the pathological findings of gastric contents deep in the lungs." (Original Mot. (doc. 7) at 3, n.1.) In his reply to the government's response to his § 2255 motion, Kay asserts that "it is clear how the additional discovery material would support Mr. Kay's claims. The [TCME's] file, including chromatograms and photographs of organs,

and the [TCME's] lab protocols from 2019 to 2022 . . . would shed light on the circumstances surrounding Mr. Skaggs's death and further support the analyses of the experts Mr. Kay has now consulted." (Kay's Reply (doc. 21) at 13.)

Unfortunately for Kay, it is not quite so clear to the Court that he has adequately demonstrated good cause for each of his requests. Neither the Culbertson nor Jellick declarations provide any support whatsoever for Kay's request to see the TCME's entire file (much of which Kay admits was already produced), nor do they say anything at all, as far as the Court can discern, about chromatograms regarding Skaggs's death. Those declarations do, however, adequately demonstrate good cause for Kay's request for discovery of the TCME's 2019-2022 protocols regarding reporting the presence of norfentanyl, fentanyl, oxymorphone, oxycodone, and alcohol in a decedent's system. Additionally, the Court concludes that Kay has adequately demonstrated good cause for seeking documents and materials relating to the autopsy photographs of Skaggs.

B. Skaggs's Phone and Extractions

Kay's motions also seek materials relating to the Southlake and Grapevine police departments' handling of Skaggs's cell phone and ipad. Specifically, Kay requests the following:

(1) access to Skaggs's cell phone to run a forensic analysis and extraction;

(2) all communications, documents, and materials relating to the Southlake Police Department's handling of Skaggs's cell phone;

(3) all communications, documents, and materials relating to the Grapevine Police Department's handling of Skaggs's

ORDER PARTIALLY GRANTING MOTIONS FOR LEAVE TO CONDUCT DISCOVERY - Page 4
TRM/chr

cell phone;

(4) all communications, documents, and materials relating to the DEA's or Secret Service's handling of Skaggs's cell phone;

(5) all communications between Delaney Green and Richard Weber relating to Skaggs's cell phone;

(6) all documents and materials relating to the full chain of custody of Skaggs's cell phone;

(7) all extractions, downloads, uploads, and reports of Skaggs's cell phone created by Richard Weber or anyone else at the Grapevine Police Department;

(8) all extractions, downloads, uploads, and reports of Skaggs's cell phone created by Delaney Green or anyone else at the Southlake Police Department;

(9) all documents and materials relating to the Southlake Police Department's document-retention policies for criminal investigations involving a death for 2019 to present;

(10) all documents and materials relating to the Grapevine Police Department's document-retention policies for criminal investigations involving a death for 2019 to present;

(11) the raw extraction data from the July 2019 Grapevine Police Department's extraction of Skaggs's cell phone and ipad;

(12) any materials relating to the September 2019 Secret Service extraction;

(13) the raw extraction data from the November 2020 Secret Service extraction of Skaggs's cell phone and ipad; and

(14) leave to depose Grapevine Police Detective Richard Weber.

In support of this request, Kay notes that "[t]he government relied heavily on Mr. Skaggs's phone data at trial, highlighting messages sent between Mr. Kay and Mr. Skaggs on June 30, 2019, allegedly about drugs and about the time a drug delivery by Mr. Kay

ORDER PARTIALLY GRANTING MOTIONS FOR LEAVE TO CONDUCT DISCOVERY - Page 5
TRM/chr

8

occurred that same day."  (Orig. Mot. (doc. 7) at 3.)  Kay contends that his habeas counsel have learned that "contrary to Southlake Police Detective Delaney Green's testimony that she alone had handled, processed, and performed the initial extractions of Mr. Skaggs's phone--Grapevine Police Detective Richard Weber had in fact conducted this work."  (Orig. Mot. (doc. 7) at 4.)  Weber did not testify and indeed was not mentioned during Green's multi-day testimony at trial. Kay also contends that "post-trial investigation revealed further evidence that the original, July 2019 extraction of Mr. Skaggs's phone may have jeopardized the phone records' integrity and allowed an opportunity to tamper with the phone to go unnoticed." (Supplemental Mot. (doc. 23) at 3.)  Kay's supplemental motion also notes that counsel recently learned "that the government has had access to comprehensive extractions of Mr. Skaggs's cell phone and iPad, not just the summary reports [previously] provided to Mr. Kay's trial defense team."  (Supplemental Mot. (doc. 23) at 1.)  As a result, Kay requests "access to all records concerning Detective Green's and Detective Weber's handling of Mr. Skaggs's phone to adequately review complete chain of custody, the reliability of the government's investigation, and the data on the phone closest in time to Mr. Skaggs's death." (Original Mot. (doc. 7) at 4.) Kay's habeas counsel contend and seek to prove that Kay's trial counsel were constitution-ally ineffective apparently in part for not having conducted their own analysis of Skaggs's cell phone or reviewing the extraction and raw data from the initial and all subsequent extractions of the phone. Additionally, they contend that Green perjured herself and that this

fact, coupled with her allegedly careless handling of Skaggs's cell phone, seriously undermined the reliability of her testimony and the credibility of the evidence extracted from that phone.

In response, the government notes that the initial extraction "performed at the GPD was never offered or admitted at trial; . . . rather, the government introduced and relied on [an] extraction [performed almost a year later by Secret Service Network Intrusion Analyst Stefan Hare]."  (Govt's Resp. to § 2255 Mot. (doc. 16) at 27.)  The government also contends that Kay's fourth, fifth, and sixth claims for relief "are procedurally barred" and that, as a result, Kay must show cause and prejudice for his default.  (*Id.* at 44.) And that even if not barred, Kay's claims are meritless.

The Court disagrees that the fact that the government only relied on Hare's extraction at trial militates against Kay being permitted to conduct discovery in support of his ineffective-assistance-of-counsel claims regarding police handling of Skaggs's phone, the many extractions performed on it, and the possibility that texts or other messages from other drug suppliers were deleted from the phone.  This is especially true given Green's allegedly untrue or incomplete testimony regarding the initial extraction on the phone and her testimony that she put the phone in airplane mode to prevent tampering, whereas Hare testified the phone was not in airplane mode when he performed his extraction.

Furthermore, regarding cause and prejudice for Kay's procedural default, given the difficulty the Los Angeles Angel's investigator allegedly had in attempting to obtain some of this information from

ORDER PARTIALLY GRANTING MOTIONS FOR LEAVE TO CONDUCT DISCOVERY - Page 7
TRM/chr

the Southlake Police Department--even after a favorable ruling from the Texas Attorney General--the Court is not yet persuaded that this information was reasonably available to Kay's criminal trial counsel. *See United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022) (noting that cause for a procedural default is established by "'a showing that the factual . . . basis for a claim was not reasonably available to counsel or that some interference by officials made compliance impracticable'") (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  And the Court concludes that Kay has adequately demonstrated good cause for the requested discovery to support his attempt to prove prejudice and the merit of his claims.

The government also urges that Kay is engaging in "fishing expeditions."  (Gov't Resp. to § 2255 Mot. (doc. 16) at 45.)  But Kay has specified the documents or items he seeks and has sufficiently demonstrated how they relate to his claims.  To the extent the government believes any specific discovery request propounded by Kay is objectionable or overly broad, it may raise that in response to Kay's specific discovery requests.  *See Ayestas v. Lumpkin*, No. H-09-2999, 2023 WL 2541709, at *6 (S.D. Tex. Mar. 16, 2023) (concluding that habeas petitioner had shown good cause for discovery over the government's "fishing expedition" objection because "the [discovery] requests relate to specific claims raised by [the petitioner]"  and noting that the respondent could address the potential overbreadth of the petitioner's requests via objections made under Rule 26(b)(1)).

ORDER PARTIALLY GRANTING MOTIONS FOR LEAVE TO CONDUCT DISCOVERY - Page 8
TRM/chr

C. Communications Between Southlake and Grapevine Police Departments and the Federal Joint Investigation

Kay also seeks all communications between the Southlake and Grapevine police departments and the federal joint investigation, specifically requesting the following:

> (1) All communications between the Southlake Police Department and the DEA, Secret Service, or the U.S. Attorney's Office regarding this case;
>
> (2) All communications between the Grapevine Police Department and the DEA, Secret Service, or the U.S. Attorney's Office regarding this case;
>
> (3) The memorandum of understanding in place in 2019, 2020, 2021, and 2022 between the Southlake Police Department and the DEA, Secret Service, or the U.S. Attorney's Office; and
>
> (4) The memorandum of understanding in place in 2019, 2020, 2021, and 2022 between the Grapevine Police Department and the DEA, Secret Service, or the U.S. Attorney's Office.

(Original Mot. (doc. 7) at 5.)  In support of this request, Kay contends only that "[u]nder Fifth Circuit precedent, it likely matters whether Detective Green was in effect a part of the prosecution team." (*Id.*).  But the government has not suggested that Green was not a part of the prosecution team; indeed, as already noted, she testified for the prosecution at length at Kay's trial.  As a result, the Court determines that Kay has failed to demonstrate good cause for this requested discovery.

## III.  Conclusion

Kay's motions for discovery are therefore PARTIALLY GRANTED. Kay may conduct discovery, in accordance with the Federal Rules of Civil Procedure, to the extent permitted in this order.  All discovery

ORDER PARTIALLY GRANTING MOTIONS FOR LEAVE TO CONDUCT DISCOVERY - Page 9
TRM/chr

must cease no later than **June 1, 2026.**[1]

If, after the close of this discovery period, Kay desires to file an amended brief in support of his § 2255 motion, he may do so no later than **August 3, 2026.**  If Kay files an amended brief, the government must file an amended response no later than **October 2, 2026.**  If the government files an amended response, Kay may file an amended reply brief no later than **November 2, 2026.**  Each of these amended briefs will totally supersede the originals; thus, any arguments a party desires to pursue must be contained in the amended briefs.

Additionally, in the amended briefs, counsel are directed to refer to the page of any appendix on which the evidence in support of their assertions can be found.  Counsel may not simply refer to exhibit numbers and pages of particular exhibits.  This is the reason the parties are required by the Court's local civil rules to place page numbers on the lower right hand corner of each page of an appendix.  Counsel must refer to these page numbers when citing to evidence in appendices.

SIGNED February 19, 2026.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] All discovery must be completed by the ordered date.  Parties shall serve discovery requests with sufficient lead time to permit opponents to serve timely responses prior to the discovery deadline.

ORDER PARTIALLY GRANTING MOTIONS FOR LEAVE TO CONDUCT DISCOVERY - Page 10
TRM/chr

# EXHIBIT B

| From: | Alicia Kreh |
|---|---|
| To: | McKenzie Edwards; Naomi Fenwick |
| Cc: | Ellie Schulte |
| Subject: | RE: Kay v. United States |
| Date: | Wednesday, April 29, 2026 10:08:25 AM |

Some people who received this message don't often get email from akreh@toase.com. Learn why this is important

EXTERNAL SENDER

Good morning Ms. Edwards,

My family and I have been suffering from the flu for about a week now. Due to the amount of information, I don't believe I will be able to have it all reviewed and to you by Friday. Could I have one additional week?

Sincerely,

**Alicia K. Kreh**
Attorney at Law
**Taylor, Olson, Adkins, Sralla & Elam, L.L.P.**
6000 Western Place, Suite 200
Fort Worth, Texas 76107
Phone: 817.332.2580
Fax:  817.332.4740
www.toase.com



CONFIDENTIAL NOTICE:  This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and client and which is subject to attorney/client privilege.  If you have received this communication in error, do not read it.  Please reply to the sender at Taylor, Olson, Adkins, Sralla & Elam, L.L.P. that you have received the message in error.  Then delete it.  Any disclosure, copying distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** McKenzie Edwards <McKenzie_Edwards@fd.org>
**Sent:** Tuesday, April 14, 2026 5:11 PM
**To:** Alicia Kreh <akreh@toase.com>; Naomi Fenwick <Naomi_Fenwick@fd.org>
**Cc:** Natalee Maxwell <nmaxwell@toase.com>; Ellie Schulte <eschulte@toase.com>
**Subject:** RE: Kay v. United States

Ms. Kreh,

15

Thank you for reaching out to confirm. Yes, we would still like all of the information listed. We are happy to grant you an extension until May 1, 2026.

Let us know if there is anything else you need from us.

Best,
McKenzie

---

**From:** Alicia Kreh <akreh@toase.com>
**Sent:** Tuesday, April 14, 2026 9:35 AM
**To:** McKenzie Edwards <McKenzie_Edwards@fd.org>; Naomi Fenwick <Naomi_Fenwick@fd.org>
**Cc:** Natalee Maxwell <nmaxwell@toase.com>; Ellie Schulte <eschulte@toase.com>
**Subject:** Kay v. United States

> Some people who received this message don't often get email from akreh@toase.com. Learn why this is important

EXTERNAL SENDER

Good morning Ms. Edwards and Ms. Fenwick,

My firm represents the City of Southlake. I have been forwarded your entry of appearance from Mr. Bradshaw at the US Attorney's Office. The City had previously received the attached request for additional production from Brett Ordiway. I'm writing to inquire if you are wanting the City to produce this same information, or if there is something in this list that is no longer needed. Additionally, it is my understanding that the Order granting Mr. Ordiway's request to withdraw allowed the US Attorney's Office two weeks from the appointment of new counsel to provide additional discovery. Would you please grant a similar extension to the City of Southlake, until May 1st?

Sincerely,

**Alicia K. Kreh**
Attorney at Law
**Taylor, Olson, Adkins, Sralla & Elam, L.L.P.**
6000 Western Place, Suite 200
Fort Worth, Texas 76107
Phone: 817.332.2580
Fax:  817.332.4740
www.toase.com



CONFIDENTIAL NOTICE:  This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and client and which is subject to

16

attorney/client privilege.  If you have received this communication in error, do not read it.  Please reply to the sender at Taylor, Olson, Adkins, Sralla & Elam, L.L.P. that you have received the message in error.  Then delete it.  Any disclosure, copying distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

# EXHIBIT C

| | |
|---|---|
| **From:** | Alicia Kreh |
| **To:** | McKenzie Edwards |
| **Subject:** | RE: Kay v. United States |
| **Date:** | Tuesday, May 26, 2026 12:49:02 PM |

EXTERNAL SENDER

All set! Thank you very much and we apologize again as we do not know what happened to the original flash drives that were sent by mail.

**Alicia K. Kreh**
Attorney at Law
**Taylor, Olson, Adkins, Sralla & Elam, L.L.P.**
6000 Western Place, Suite 200
Fort Worth, Texas 76107
Phone: 817.332.2580
Fax:  817.332.4740
www.toase.com



CONFIDENTIAL NOTICE:  This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and client and which is subject to attorney/client privilege.  If you have received this communication in error, do not read it.  Please reply to the sender at Taylor, Olson, Adkins, Sralla & Elam, L.L.P. that you have received the message in error.  Then delete it.  Any disclosure, copying distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** McKenzie Edwards <McKenzie_Edwards@fd.org>
**Sent:** Tuesday, May 26, 2026 12:41 PM
**To:** Alicia Kreh <akreh@toase.com>; Ellie Schulte <eschulte@toase.com>
**Cc:** Naomi Fenwick <Naomi_Fenwick@fd.org>; Jonathan.Bradshaw@usdoj.gov
**Subject:** Re: Kay v. United States

We are sending someone down right now to grab it. Thank you for letting us know.

Get Outlook for iOS

**From:** Alicia Kreh <akreh@toase.com>
**Sent:** Tuesday, May 26, 2026 12:30:30 PM
**To:** McKenzie Edwards <McKenzie_Edwards@fd.org>; Ellie Schulte <eschulte@toase.com>
**Cc:** Naomi Fenwick <Naomi_Fenwick@fd.org>; Jonathan.Bradshaw@usdoj.gov <jonathan.bradshaw@usdoj.gov>
**Subject:** RE: Kay v. United States

19

**EXTERNAL SENDER**

Ms. Edwards,

We have a courier at your building trying to deliver the flash drives but we have not been able to get ahold of anyone at your office and security will not let her leave the flash drives. Is there anyone available to come get these from her?

**Alicia K. Kreh**
Attorney at Law
**Taylor, Olson, Adkins, Sralla & Elam, L.L.P.**
6000 Western Place, Suite 200
Fort Worth, Texas 76107
Phone: 817.332.2580
Fax:  817.332.4740
www.toase.com



CONFIDENTIAL NOTICE:  This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and client and which is subject to attorney/client privilege.  If you have received this communication in error, do not read it.  Please reply to the sender at Taylor, Olson, Adkins, Sralla & Elam, L.L.P. that you have received the message in error.  Then delete it.  Any disclosure, copying distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** McKenzie Edwards <McKenzie_Edwards@fd.org>
**Sent:** Thursday, May 21, 2026 10:59 AM
**To:** Ellie Schulte <eschulte@toase.com>; Alicia Kreh <akreh@toase.com>
**Cc:** Naomi Fenwick <Naomi_Fenwick@fd.org>; Jonathan.Bradshaw@usdoj.gov
**Subject:** Re: Kay v. United States

Good morning,

I received an envelope on May 12 with a letter and a business records affidavit, but there were no USBs in that envelope. I had our paralegals comb the mail room for another envelope or box but they couldn't find anything. Can you resend the USBs?

Thanks,
McKenzie

**From:** Ellie Schulte <eschulte@toase.com>
**Sent:** Wednesday, May 20, 2026 3:54 PM
**To:** McKenzie Edwards <McKenzie_Edwards@fd.org>; Alicia Kreh <akreh@toase.com>
**Cc:** Naomi Fenwick <Naomi_Fenwick@fd.org>; Jonathan.Bradshaw@usdoj.gov <jonathan.bradshaw@usdoj.gov>
**Subject:** RE: Kay v. United States

EXTERNAL SENDER

Hi McKenzie,

The flash drive was sent to 525 S. Griffin Street, Suite 629, Dallas, Texas 75202, on May 12 and the tracking number is 9589 0710 5270 3541 2788 12. It was sent Certified, and it says it was delivered.

Ellie Schulte

Legal Assistant to Annabelle Ackling,

Bessie Bronstein,

Jennifer Drysdale, Alicia Kreh,

& Rachel Raggio

6000 Western Place Suite 200

Fort Worth, TX 76107

817-332-2580 x252

817-332-4740 Fax

eschulte@toase.com



CONFIDENTIAL NOTICE:  This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and client and which is subject to attorney/client privilege.  If you have received this communication in error, do not read it.

Please reply to the sender at Taylor, Olson, Adkins, Sralla & Elam, L.L.P. that you have received the message in error.  Then delete it.  Any disclosure, copying distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** McKenzie Edwards <McKenzie_Edwards@fd.org>
**Sent:** Wednesday, May 20, 2026 3:42 PM
**To:** Alicia Kreh <akreh@toase.com>
**Cc:** Naomi Fenwick <Naomi_Fenwick@fd.org>; Ellie Schulte <eschulte@toase.com>; Jonathan.Bradshaw@usdoj.gov
**Subject:** Re: Kay v. United States

Good afternoon,

Can you send us the tracking information for the external hard drive? We haven't received it yet.

Thank you,

McKenzie

**From:** Alicia Kreh <akreh@toase.com>
**Sent:** Friday, May 8, 2026 10:07 PM
**To:** McKenzie Edwards <McKenzie_Edwards@fd.org>
**Cc:** Naomi Fenwick <Naomi_Fenwick@fd.org>; Ellie Schulte <eschulte@toase.com>
**Subject:** FW: Kay v. United States

EXTERNAL SENDER

https://www.dropbox.com/scl/fo/lj0wf765c1xknr7uljrii/AAYMQj5tNTrLnQlFUfIlT1s?rlkey=3g7k6wadv8q518573x36h6nht&st=t8n4ijns&dl=0

Good evening Ms. Edwards,

Above is a link for a Dropbox file for some of the requested records. I have been trying to upload the cell phone information, but the file sizes are too large. I am going to have to send the remaining information to you on an external hard drive. I will have it sent overnight first thing on Monday.

The drobox does have the files that are not too large.

Sincerely,

**Alicia K. Kreh**

Attorney at Law

**Taylor, Olson, Adkins, Sralla & Elam, L.L.P.**

6000 Western Place, Suite 200

Fort Worth, Texas 76107

Phone: 817.332.2580

Fax:  817.332.4740

www.toase.com



CONFIDENTIAL NOTICE:  This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and client and which is subject to attorney/client privilege.  If you have received this communication in error, do not read it.  Please reply to the sender at Taylor, Olson, Adkins, Sralla & Elam, L.L.P. that you have received the message in error.  Then delete

it.  Any disclosure, copying distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

---

**From:** McKenzie Edwards <McKenzie_Edwards@fd.org>
**Sent:** Wednesday, April 29, 2026 3:07 PM
**To:** Alicia Kreh <akreh@toase.com>; Naomi Fenwick <Naomi_Fenwick@fd.org>
**Cc:** Ellie Schulte <eschulte@toase.com>
**Subject:** RE: Kay v. United States

Ms. Kreh,

Yes, we can extend your response and production deadline to May 8, 2026. Just as a heads up, it is unlikely that we will be able to grant any other extensions due to the discovery deadline in this case.

Thank you for letting us know the circumstances. I've heard this year's flu is particularly ghastly, but I hope you and your family feel better soon!

Best,

McKenzie

---

**From:** Alicia Kreh <akreh@toase.com>
**Sent:** Wednesday, April 29, 2026 10:07 AM
**To:** McKenzie Edwards <McKenzie_Edwards@fd.org>; Naomi Fenwick <Naomi_Fenwick@fd.org>
**Cc:** Ellie Schulte <eschulte@toase.com>
**Subject:** RE: Kay v. United States

24

Some people who received this message don't often get email from akreh@toase.com. Learn why this is important
EXTERNAL SENDER

Good morning Ms. Edwards,

My family and I have been suffering from the flu for about a week now. Due to the amount of information, I don't believe I will be able to have it all reviewed and to you by Friday. Could I have one additional week?

Sincerely,

**Alicia K. Kreh**

Attorney at Law

**Taylor, Olson, Adkins, Sralla & Elam, L.L.P.**

6000 Western Place, Suite 200

Fort Worth, Texas 76107

Phone: 817.332.2580

Fax:  817.332.4740

www.toase.com



CONFIDENTIAL NOTICE:  This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and client and which is subject to attorney/client privilege.  If you have received this communication in error, do not read it.  Please reply to the sender at Taylor, Olson, Adkins, Sralla & Elam, L.L.P. that you have received the message in error.  Then delete it.  Any disclosure, copying distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** McKenzie Edwards <McKenzie_Edwards@fd.org>
**Sent:** Tuesday, April 14, 2026 5:11 PM
**To:** Alicia Kreh <akreh@toase.com>; Naomi Fenwick <Naomi_Fenwick@fd.org>
**Cc:** Natalee Maxwell <nmaxwell@toase.com>; Ellie Schulte <eschulte@toase.com>
**Subject:** RE: Kay v. United States

Ms. Kreh,

Thank you for reaching out to confirm. Yes, we would still like all of the information listed. We are happy to grant you an extension until May 1, 2026.

Let us know if there is anything else you need from us.

Best,

McKenzie

---

**From:** Alicia Kreh <akreh@toase.com>
**Sent:** Tuesday, April 14, 2026 9:35 AM
**To:** McKenzie Edwards <McKenzie_Edwards@fd.org>; Naomi Fenwick <Naomi_Fenwick@fd.org>
**Cc:** Natalee Maxwell <nmaxwell@toase.com>; Ellie Schulte <eschulte@toase.com>
**Subject:** Kay v. United States

Some people who received this message don't often get email from akreh@toase.com. Learn why this is important
EXTERNAL SENDER

Good morning Ms. Edwards and Ms. Fenwick,

26

My firm represents the City of Southlake. I have been forwarded your entry of appearance from Mr. Bradshaw at the US Attorney's Office. The City had previously received the attached request for additional production from Brett Ordiway. I'm writing to inquire if you are wanting the City to produce this same information, or if there is something in this list that is no longer needed. Additionally, it is my understanding that the Order granting Mr. Ordiway's request to withdraw allowed the US Attorney's Office two weeks from the appointment of new counsel to provide additional discovery. Would you please grant a similar extension to the City of Southlake, until May 1st?

Sincerely,

**Alicia K. Kreh**

Attorney at Law

**Taylor, Olson, Adkins, Sralla & Elam, L.L.P.**

6000 Western Place, Suite 200

Fort Worth, Texas 76107

Phone: 817.332.2580

Fax:  817.332.4740

www.toase.com



CONFIDENTIAL NOTICE:  This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and client and which is subject to attorney/client privilege.  If you have received this communication in error, do not read it.  Please reply to the sender at Taylor, Olson, Adkins, Sralla & Elam, L.L.P. that you have received the message in error.  Then delete it.  Any disclosure, copying distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

# EXHIBIT D

 

# Federal Public Defender
## Northern District of Texas

JASON D. HAWKINS
**Federal Public Defender**

SHERY KIME-GOODWIN
**First Assistant**

JEREMY SCHEPERS
**Supervisor-Capital Habeas Unit**

525 GRIFFIN STREET
SUITE 629
DALLAS, TEXAS 75202

819 TAYLOR STREET
ROOM 9A10
FORT WORTH TX 76102-4612
817/978-2753

1205 TEXAS AVENUE
ROOM 506
LUBBOCK, TX 79401
806/472-7236

PHONE (214) 767-2746
FAX (214) 767-2886

June 15, 2026

500 S. TAYLOR
SUITE 110
AMARILLO, TX 79101
806/324-2370

*Via email*

Alicia K. Kreh
Attorney at Law
Taylor, Olson, Adkins, Sralla & Elam, L.L.P.
6000 Western Place, Suite 200
Fort Worth, Texas 76107
akreh@toase.com

Sarah Blum
Records Manager
Southlake Police Department
1400 Main Street, Suite 460
Southlake, Texas 76092
sblum@cityofsouthlake.com

Jonathan Bradshaw
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242
jonathan.bradshaw@usdoj.gov

Dear Ms. Kreh,

This letter is an attempt to resolve the deficiencies I have identified in your response to the Request for Production (RFP) sent to Sarah Blum, Southlake PD Records Manager, on March 5, 2026, in the matter of *Kay v. United States*, No. 4:25-cv-132-Y. I have attached the RFP to this letter.

In response to that RFP, you provided certain records on May 8, 2026. With respect to that production, I have identified the following deficiencies:

30

1. We requested production of all communications, documents, and materials relating to the Southlake Police Department's handling of Skaggs's cell phone (RFP No. 1). Upon information and belief, the following records have been omitted:

   o Initial and supplemental narratives by, but not limited to, Detective Delaney Green narrating her handling and investigation of Skaggs's iPhone and iPad;

   o Documents or logs reflecting the seizure and collection of Skaggs's iPhone, other than the Southlake Police Department's P&E Report;

   o Item History log(s) for Skaggs's iPhone or iPad;

   o Transfer Receipt(s) for Skaggs's iPhone or iPad;

   o Southlake Police Department's Offense Report and any narratives or supplements thereto; and

   o Records reflecting the involvement of the Keller Police Department in the investigation of Skaggs's iPhone and iPad.

   To the extent that Southlake claims it has no more documents or materials responsive to this request (including, but not limited to, the documents described above), please provide a statement confirming that it has never had or no longer has such materials. If the latter, please include information on when, how, and why such materials are no longer in Southlake's possession.

2. We requested production of all communications between Southlake Police Department Detective Delaney Green and Grapevine Police Department Detective Richard Weber relating to Skaggs's cell phone (RFP No. 2). To date, Southlake has produced no responsive documents or information related to this request. If Southlake has no documents or materials responsive to this request, please provide a statement confirming that it has never had or no longer has such materials. If the latter, please include information on when, how, and why such materials are no longer in Southlake's possession.

3. We requested production of all documents and materials relating to the full chain of custody of Skaggs's cell phone (RFP No. 3). The records provided to date contain only a document titled "Property & Evidence Log" (or "P&E Report") dated 7/01/2019. The production does not contain any other responsive records. Upon information and belief, the following records have been omitted:

   o Documentation reflecting Southlake PD's seizure of Skaggs's iPhone and iPad;

   o Chain of Custody log(s) for Skaggs's iPhone;

   o Chain of Custody log(s) for Skaggs's iPad;

   o Chain of Custody log(s) for Skaggs's iPhone and iPad reflecting those items' release to Grapevine Police Department and their return therefrom;

   o Transfer Receipts reflecting the transfer of Skaggs's iPhone and iPad to other law enforcement agencies, including but not limited to, Grapevine Police Department and the Drug Enforcement Agency; and

   o Inventory log, including but not limited to, barcode, inventory time, description, and location of Skaggs's iPhone and iPad.

4. We requested production of all extractions, downloads, uploads, and reports of Skaggs's cell phone created by Detective Green or anyone else at the Southlake Police Department (RFP No. 4).

    o With respect to the file titled SKAGGS > UFED Capture Images USB Camera 2019_07_23 (001) > Logical 02 > Snapshots, the file names start at "image0004" and continue sequentially until "image0048." It therefore appears that the files corresponding to "image0001," "image 0002," and "image0003" have been omitted. Please produce the missing images. If Southlake is no longer in possession of these images, or of any other omitted images related to this iPhone or case, please provide a statement confirming as much and explaining when, how, and why it no longer possesses those images.

    o Please produce any evidence number(s) or reference to Detective Green's or Southlake's extraction(s) of Skaggs's iPhone in the Southlake Police Department Virtual Evidence Locker.

    o Please produce notes and reports related to forensic work Detective Green performed on Skaggs's iPhone, including documentation of any steps she took during the extraction and analysis process.

If Southlake has no documents or materials responsive to this request, please provide a statement confirming that it has never had or no longer has such materials. If the latter, please include information on when, how, and why such materials are no longer in Southlake's possession.

5. We requested production of all documents and materials reflecting any and all Southlake Police Department document-retention policies for criminal investigations involving a death for 2019 through to the present (RFP No. 5). To date, Southlake has produced no responsive documents or information related to this request. If Southlake claims that it does not have any document-retention policies or protocols for criminal investigations involving death, please provide a statement confirming as much.

6. We requested production of the raw extraction data from the July 2019 extraction(s) of Skaggs's cell phone and iPad (RFP No. 6). To date, Southlake has not produced raw data for either extraction. Upon information and belief, Detective Green reported having added extraction data, including a "logical dump," to Southlake's Virtual Evidence Locker. Upon information and belief, such data should also exist on external drives provided to the Southlake Police Department by Detective Weber at Grapevine Police Department. If Southlake has no documents or materials responsive to this request, please provide a statement confirming that it has never had or no longer has such materials. If the latter, please include information on when, how, and why such materials are no longer in Southlake's possession.

The documents identified under Items 1-6 are not intended as an exhaustive list of omitted records.

Because the deadline to complete discovery is July 2, 2026, I respectfully ask that you respond to this letter by June 22, 2026. Should you need more time to respond or to supplement your production of records, please inform me by that same date. If your office is unable to produce any of the requested materials or disagrees as to whether I am entitled to the requested materials, please contact me immediately so that we may work together to resolve any disagreements. All communications should be via email to mckenzie_edwards@fd.org and naomi_fenwick@fd.org.

Thank you for your assistance.

Sincerely,

*/s/ McKenzie Edwards*
Assistant Federal Public Defender

Naomi Fenwick
Assistant Federal Public Defender

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste 629
Dallas, TX 75202
214-767-2746

# EXHIBIT E

**From:** McKenzie Edwards
**To:** akreh@toase.com; sblum@cityofsouthlake.com
**Cc:** Naomi Fenwick; jonathan.bradshaw@usdoj.gov
**Subject:** Kay - Southlake Production Deficiencies
**Date:** Monday, June 15, 2026 4:05:00 PM
**Attachments:** 2026.06.15 (Kay) Southlake Deficiency Letter.pdf
image001.png

Good afternoon,

Please see the attached letter regarding Southlake's document production from May 8, 2026.

Best,
McKenzie



**McKenzie Edwards**
Assistant Federal Public Defender
Northern District of Texas
Capital Habeas Unit
525 S. Griffin Street, Suite 629
Dallas, Texas 75202
Phone: (214) 767-2746 (ext. 2770)
Fax: (214) 767-2886

# EXHIBIT F

| | |
|---|---|
| **From:** | McKenzie Edwards |
| **To:** | "akreh@toase.com"; "sblum@cityofsouthlake.com" |
| **Cc:** | Naomi Fenwick; "jonathan.bradshaw@usdoj.gov" |
| **Subject:** | RE: Kay - Southlake Production Deficiencies |
| **Date:** | Tuesday, June 23, 2026 9:36:00 AM |
| **Attachments:** | image001.png |

Good morning,

I'm writing to follow up on the deficiency letter we sent last week. As noted in that letter, we requested a response by yesterday (June 22, 2026) but have not yet heard back from you.

I know that schedules can be demanding, particularly over the summer, so I wanted to check in before taking further action. Please let me know when I can expect a response and/or a supplemental document production. If additional time would be helpful, we are happy to discuss a reasonable extension.

I appreciate your attention to this matter.

Best,
McKenzie

**From:** McKenzie Edwards
**Sent:** Monday, June 15, 2026 4:06 PM
**To:** akreh@toase.com; sblum@cityofsouthlake.com
**Cc:** Naomi Fenwick <Naomi_Fenwick@fd.org>; jonathan.bradshaw@usdoj.gov
**Subject:** Kay - Southlake Production Deficiencies

Good afternoon,

Please see the attached letter regarding Southlake's document production from May 8, 2026.

Best,
McKenzie



McKenzie Edwards
Assistant Federal Public Defender
Northern District of Texas
Capital Habeas Unit
525 S. Griffin Street, Suite 629
Dallas, Texas 75202
Phone: (214) 767-2746 (ext. 2770)
Fax: (214) 767-2886

37

# EXHIBIT G

Edit



# Taylor Olson Adjins Sralla & Elam, LLP



| Call History | ⟩ |
|---|---|

| Outgoing Call | 6/25/26 · 3:30 PM |
|---|---|
| 1 minute | |

| name | ⟩ |
|---|---|
| Taylor Olson Adjins Sralla & Elam, LLP | |

| phone **RECENT** | 📞 |
|---|---|
| (817) 332-2580 | |

