# APPENDIX 28

Ordiway PLLC
APPELLATE & POST-CONVICTION ATTORNEYS

8350 N. Central Expressway, Suite 1900
Dallas, Texas 75206
469.205.1600
www.ordiway.com

March 5, 2026

Tarrant County Medical Examiner
Evidence Department
200 Feliks Gwozdz Place
Fort Worth, Texas 76104
tcmeevidence@tarrantcountytx.gov

Re: Request for Production
*Kay v. United States*, No. 4:25-CV-132-Y

To Whom It May Concern:

Pursuant to the enclosed order granting Eric Prescott Kay leave to conduct discovery, and under Federal Rule of Civil Procedure 34, I request that the Tarrant County Medical Examiner produce the following documents and materials in connection with case number 1911392 for inspection and copying:

1. all documents and materials relating to the Tarrant County Medical Examiner's lab protocols from 2019 to 2022;

2. all documents and materials relating to autopsy photographs of Tyler Skaggs, including photographs of organs such as the lungs;

I request that all documents and materials be produced to my office within 30 days, but in no event later than May 15, 2026, to ensure compliance with the court's June 1, 2026, discovery cutoff, in electronic format (searchable PDF or native format where applicable, such as raw extraction data) via a secure file-sharing link or encrypted external storage media. Under Federal Rule of Civil Procedure 34(b)(2)(A), service of a written response to this request is due from you within 30 days of the date of service of this request.

Sincerely,

Brett Ordiway
Texas Bar No. 24079086
brett@ordiway.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC PRESCOTT KAY | § | |
| | § | |
| VS. | § | ACTION NO. 4:25-CV-132-Y |
| | § | (Crim. No. 4:20-CR-269-Y(1)) |
| UNITED STATES OF AMERICA | § | |

ORDER PARTIALLY GRANTING MOTIONS FOR LEAVE TO CONDUCT DISCOVERY

Pending before the Court is the Motion for Leave to Conduct Rule 6 Discovery in Support of Motion Under 28 U.S.C. § 2255 (doc. 7) filed by petitioner Eric Prescott Kay. Also pending before the Court is Kay's Supplemental Motion for Leave to Conduct Rule 6 Discovery in Support of Motion Under 28 U.S.C. § 2255 (doc. 23). The government has not filed responses to either motion. Rather, in its response to Kay's § 2255 motion, the government devoted two paragraphs to responding to Kay's first motion for discovery. (Govt.'s Resp. to Mot. Under 28 U.S.C. § 2255 (doc. 16) at 44-45.) After review of the motions, the government's two-paragraph response to the first motion, and the applicable law, the Court concludes that the motions should be, and they are hereby, PARTIALLY GRANTED.

I. Legal Standard

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramely*, 520 U.S. 899, 904 (1977). Rather, Rule 6 of the rules governing habeas motions requires that a movant show "good cause" before being permitted to conduct discovery. RULES GOVERNING § 2255 PROCEEDINGS FOR THE UNITED STATES COURTS 6(a). The movant "must provide

reasons for the request. . . , [and] must specify any requested documents." *Id.* at Rule 6(b). "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris v. Nelson*, 394 U.S. 286, 300 (1969); *see also United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014) ("A petitioner demonstrates 'good cause' under Rule 6(a) 'where specific allegations before the court show reason to believe that the petition may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" (quoting *Bracy*, 520 U.S. at 908-09)). But "[t]he burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011). "[T]he scope and extent of such discovery is a matter confided to the discretion of the District Court." *Bracy*, 520 U.S. at 909. A district court abuses its discretion in denying a request for discovery, however, "when discovery is 'essential for the habeas petitioner to develop fully his underlying claim.'" *Id.* (quoting *Smith v. Mahoney*, 611 F.3d 978, 997 (9th Cir. 2010)).

## II. Analysis

### A. Medical Examiner's File

Kay first seeks various documents from the file of the Tarrant County Medical Examiner ("TCME"), noting that "a critical part of

this case was whether fentanyl allegedly distributed by Mr. Kay to Mr. Skaggs was the but-for cause of Mr. Skaggs's death." (Mot. for Leave to Conduct Rule 6 Discovery (doc. 7) at 2 (hereinafter "Original Mot.").) Although Kay admits the government provided "much of" the TCME'S file during discovery in his criminal case, he contends certain "key documents were missing." (*Id.*) Specifically, Kay seeks:

> (1) all documents and materials relating to the TCME's file on Skaggs's death;
>
> (2) all documents and materials relating to the TCME's lab protocols from 2019 to 2022;
>
> (3) all documents and materials relating to chromotagrams for Skaggs; and
>
> (4) all documents and materials relating to autopsy photographs of Skaggs, "including photographs of organs such as the lungs." (*Id.* at 3.)

Regarding these requests, Kay's original motion contends that his newly retained "[t]oxicology experts emphasize that these additional documents would be helpful to further their analysis." (*Id.* at 3, n.1). In support, Kay cites Amanda Culbertson's declaration, in which she notes that "it is still unclear what the limit of detection for norfentanyl [a metabolite of fentanyl] is in this laboratory." (Kay's App. (doc. 11-18) at 289). And Kay notes that forensic toxicologist Greg Jellick's "findings are supported by the pathological findings of gastric contents deep in the lungs." (Original Mot. (doc. 7) at 3, n.1.) In his reply to the government's response to his § 2255 motion, Kay asserts that "it is clear how the additional discovery material would support Mr. Kay's claims. The [TCME's] file, including chromatograms and photographs of organs,

and the [TCME's] lab protocols from 2019 to 2022 . . . would shed light on the circumstances surrounding Mr. Skaggs's death and further support the analyses of the experts Mr. Kay has now consulted." (Kay's Reply (doc. 21) at 13.)

Unfortunately for Kay, it is not quite so clear to the Court that he has adequately demonstrated good cause for each of his requests. Neither the Culbertson nor Jellick declarations provide any support whatsoever for Kay's request to see the TCME's entire file (much of which Kay admits was already produced), nor do they say anything at all, as far as the Court can discern, about chromatograms regarding Skaggs's death. Those declarations do, however, adequately demonstrate good cause for Kay's request for discovery of the TCME's 2019-2022 protocols regarding reporting the presence of norfentanyl, fentanyl, oxymorphone, oxycodone, and alcohol in a decedent's system. Additionally, the Court concludes that Kay has adequately demonstrated good cause for seeking documents and materials relating to the autopsy photographs of Skaggs.

B. Skaggs's Phone and Extractions

Kay's motions also seek materials relating to the Southlake and Grapevine police departments' handling of Skaggs's cell phone and ipad. Specifically, Kay requests the following:

> (1) access to Skaggs's cell phone to run a forensic analysis and extraction;
>
> (2) all communications, documents, and materials relating to the Southlake Police Department's handling of Skaggs's cell phone;
>
> (3) all communications, documents, and materials relating to the Grapevine Police Department's handling of Skaggs's

cell phone;

(4) all communications, documents, and materials relating to the DEA's or Secret Service's handling of Skaggs's cell phone;

(5) all communications between Delaney Green and Richard Weber relating to Skaggs's cell phone;

(6) all documents and materials relating to the full chain of custody of Skaggs's cell phone;

(7) all extractions, downloads, uploads, and reports of Skaggs's cell phone created by Richard Weber or anyone else at the Grapevine Police Department;

(8) all extractions, downloads, uploads, and reports of Skaggs's cell phone created by Delaney Green or anyone else at the Southlake Police Department;

(9) all documents and materials relating to the Southlake Police Department's document-retention policies for criminal investigations involving a death for 2019 to present;

(10) all documents and materials relating to the Grapevine Police Department's document-retention policies for criminal investigations involving a death for 2019 to present;

(11) the raw extraction data from the July 2019 Grapevine Police Department's extraction of Skaggs's cell phone and ipad;

(12) any materials relating to the September 2019 Secret Service extraction;

(13) the raw extraction data from the November 2020 Secret Service extraction of Skaggs's cell phone and ipad; and

(14) leave to depose Grapevine Police Detective Richard Weber.

In support of this request, Kay notes that "[t]he government relied heavily on Mr. Skaggs's phone data at trial, highlighting messages sent between Mr. Kay and Mr. Skaggs on June 30, 2019, allegedly about drugs and about the time a drug delivery by Mr. Kay

Case 4:25-cv-00132-Y Document 41 Filed 01/09/26 Page 6 of 10 PageID 1822

occurred that same day." (Orig. Mot. (doc. 7) at 3.) Kay contends that his habeas counsel have learned that "contrary to Southlake Police Detective Delaney Green's testimony that she alone had handled, processed, and performed the initial extractions of Mr. Skaggs's phone--Grapevine Police Detective Richard Weber had in fact conducted this work." (Orig. Mot. (doc. 7) at 4.) Weber did not testify and indeed was not mentioned during Green's multi-day testimony at trial. Kay also contends that "post-trial investigation revealed further evidence that the original, July 2019 extraction of Mr. Skaggs's phone may have jeopardized the phone records' integrity and allowed an opportunity to tamper with the phone to go unnoticed." (Supplemental Mot. (doc. 23) at 3.) Kay's supplemental motion also notes that counsel recently learned "that the government has had access to comprehensive extractions of Mr. Skaggs's cell phone and iPad, not just the summary reports [previously] provided to Mr. Kay's trial defense team." (Supplemental Mot. (doc. 23) at 1.) As a result, Kay requests "access to all records concerning Detective Green's and Detective Weber's handling of Mr. Skaggs's phone to adequately review complete chain of custody, the reliability of the government's investigation, and the data on the phone closest in time to Mr. Skaggs's death." (Original Mot. (doc. 7) at 4.) Kay's habeas counsel contend and seek to prove that Kay's trial counsel were constitutionally ineffective apparently in part for not having conducted their own analysis of Skaggs's cell phone or reviewing the extraction and raw data from the initial and all subsequent extractions of the phone. Additionally, they contend that Green perjured herself and that this

fact, coupled with her allegedly careless handling of Skaggs's cell phone, seriously undermined the reliability of her testimony and the credibility of the evidence extracted from that phone.

In response, the government notes that the initial extraction "performed at the GPD was never offered or admitted at trial; . . . rather, the government introduced and relied on [an] extraction [performed almost a year later by Secret Service Network Intrusion Analyst Stefan Hare]." (Govt's Resp. to § 2255 Mot. (doc. 16) at 27.) The government also contends that Kay's fourth, fifth, and sixth claims for relief "are procedurally barred" and that, as a result, Kay must show cause and prejudice for his default. (*Id.* at 44.) And that even if not barred, Kay's claims are meritless.

The Court disagrees that the fact that the government only relied on Hare's extraction at trial militates against Kay being permitted to conduct discovery in support of his ineffective-assistance-of-counsel claims regarding police handling of Skaggs's phone, the many extractions performed on it, and the possibility that texts or other messages from other drug suppliers were deleted from the phone. This is especially true given Green's allegedly untrue or incomplete testimony regarding the initial extraction on the phone and her testimony that she put the phone in airplane mode to prevent tampering, whereas Hare testified the phone was not in airplane mode when he performed his extraction.

Furthermore, regarding cause and prejudice for Kay's procedural default, given the difficulty the Los Angeles Angel's investigator allegedly had in attempting to obtain some of this information from

the Southlake Police Department--even after a favorable ruling from the Texas Attorney General--the Court is not yet persuaded that this information was reasonably available to Kay's criminal trial counsel. *See United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022) (noting that cause for a procedural default is established by "'a showing that the factual . . . basis for a claim was not reasonably available to counsel or that some interference by officials made compliance impracticable'") (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). And the Court concludes that Kay has adequately demonstrated good cause for the requested discovery to support his attempt to prove prejudice and the merit of his claims.

The government also urges that Kay is engaging in "fishing expeditions." (Gov't Resp. to § 2255 Mot. (doc. 16) at 45.) But Kay has specified the documents or items he seeks and has sufficiently demonstrated how they relate to his claims. To the extent the government believes any specific discovery request propounded by Kay is objectionable or overly broad, it may raise that in response to Kay's specific discovery requests. *See Ayestas v. Lumpkin*, No. H-09-2999, 2023 WL 2541709, at *6 (S.D. Tex. Mar. 16, 2023) (concluding that habeas petitioner had shown good cause for discovery over the government's "fishing expedition" objection because "the [discovery] requests relate to specific claims raised by [the petitioner]" and noting that the respondent could address the potential overbreadth of the petitioner's requests via objections made under Rule 26(b)(1)).

C. Communications Between Southlake and Grapevine Police Departments and the Federal Joint Investigation

Kay also seeks all communications between the Southlake and Grapevine police departments and the federal joint investigation, specifically requesting the following:

> (1) All communications between the Southlake Police Department and the DEA, Secret Service, or the U.S. Attorney's Office regarding this case;
>
> (2) All communications between the Grapevine Police Department and the DEA, Secret Service, or the U.S. Attorney's Office regarding this case;
>
> (3) The memorandum of understanding in place in 2019, 2020, 2021, and 2022 between the Southlake Police Department and the DEA, Secret Service, or the U.S. Attorney's Office; and
>
> (4) The memorandum of understanding in place in 2019, 2020, 2021, and 2022 between the Grapevine Police Department and the DEA, Secret Service, or the U.S. Attorney's Office.

(Original Mot. (doc. 7) at 5.) In support of this request, Kay contends only that "[u]nder Fifth Circuit precedent, it likely matters whether Detective Green was in effect a part of the prosecution team." (*Id.*). But the government has not suggested that Green was not a part of the prosecution team; indeed, as already noted, she testified for the prosecution at length at Kay's trial. As a result, the Court determines that Kay has failed to demonstrate good cause for this requested discovery.

## III. Conclusion

Kay's motions for discovery are therefore PARTIALLY GRANTED. Kay may conduct discovery, in accordance with the Federal Rules of Civil Procedure, to the extent permitted in this order. All discovery

must cease no later than **June 1, 2026.**[1]

If, after the close of this discovery period, Kay desires to file an amended brief in support of his § 2255 motion, he may do so no later than **August 3, 2026.** If Kay files an amended brief, the government must file an amended response no later than **October 2, 2026.** If the government files an amended response, Kay may file an amended reply brief no later than **November 2, 2026.** Each of these amended briefs will totally supersede the originals; thus, any arguments a party desires to pursue must be contained in the amended briefs.

Additionally, in the amended briefs, counsel are directed to refer to the page of any appendix on which the evidence in support of their assertions can be found. Counsel may not simply refer to exhibit numbers and pages of particular exhibits. This is the reason the parties are required by the Court's local civil rules to place page numbers on the lower right hand corner of each page of an appendix. Counsel must refer to these page numbers when citing to evidence in appendices.

SIGNED February 19, 2026.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

[1] All discovery must be completed by the ordered date. Parties shall serve discovery requests with sufficient lead time to permit opponents to serve timely responses prior to the discovery deadline.