# APPENDIX 38

**From:** Ellie Schulte
**To:** Jonathan.Bradshaw@usdoj.gov; McKenzie Edwards; Naomi Fenwick
**Cc:** Alicia Kreh
**Subject:** Southlake Subpoena - Kay v. United States, No. 4:25-CV-132-Y
**Date:** Wednesday, July 1, 2026 5:07:48 PM
**Attachments:** Green.Signed Transcript.pdf

---

EXTERNAL SENDER

Good afternoon,

After an additional search of the City of Southlake and Southlake Police Department records, linked below are the documents in response to your deficiency notice. We do apologize, as the custodian of records has not been in the office to execute a business records affidavit, we will provide this to you Monday upon her return.

The City has provided additional explanations to the deficiency notice. Going through the document by section:

1.
    a. There is no additional supplemental report for handling the iPhone or iPad.
    b. Documents of seizure and collection are listed in report, evidence log and property and evidence sheet
    c. Item history is in evidence logs and property and evidence sheet
    d. Transfer receipts are in Evidence logs
    e. Attached is report with narratives and supplement reports
    f. Keller PD had no involvement with this case, and there is also nothing additional that Southlake PD has from Grapevine PD for their involvement. Delaney Green Supplement 08/20/2019 lists Grapevine PD's involvement.

2. IT ran a search for any communications between Capt. Green and Det. Richard Weber from July-December 2019. Nothing was located and we have included the results from IT. A copy of these search results is included.

3.
    a. Listed in report when it was taken into evidence
    b. The full chain of custody that we have is with the property and evidence log, crime scene log and whatever was listed in the narrative of the report.
    c. The full chain of custody that we have is with the property and evidence log, crime scene log and whatever was listed in the narrative of the report.
    d. The full chain of custody that we have is with the property and evidence log, crime scene log and whatever was listed in the narrative of the report.

e. Listed in Evidence logs when it was transferred to other locations
f. The full chain of custody that we have is with the property and evidence log, crime scene log and whatever was listed in the narrative of the report.

4.
   a. The missing “image0001” “image0002” “image0003” are not listed in our evidence. It was how the data was extracted and dumped into the evidence locker, we do not have them. Capt. Green stated that sometimes the extraction has limitations and does not get everything all at once or labels it correctly.
   b. Evidence number in Evidence Locker is under case #19SP053735-SKAGGS-UFED Capture Images USB Camera 2019-Logical 01-Logical 02
   c. No notes or reports were made during the forensic work and analysis. Ony documented in report supplement reports.

5. Southlake retention policy is that the PD follow the records retention schedules published by the Texas State Library and Archives Commission (“TSLAC”). Included in the documents is PD General Order for retention. Southlake PD follows TSLAC for death investigations

6. Capt. Green informed me that when she received the raw data from Det. Weber from Grapevine PD, he had extracted the data from the device onto his computer then he transferred it onto an external hard drive, where she uploaded that into the evidence locker file. The PD no longer has the external hard drive that it was transferred from.

Attached for your reference is a copy of the deposition transcript where a number of these questions were asked of Captain Green.

**Release:** **https://www.dropbox.com/t/ktMqjbVDbZYu1SYd**

Thank you,

Ellie Schulte
Legal Assistant to Annabelle Ackling,
Jennifer Drysdale, Alicia Kreh,
& Rachel Raggio
6000 Western Place Suite 200
Fort Worth, TX 76107
817-332-2580 x252

817-332-4740 Fax

eschulte@toase.com

TAYLOR·OLSON·ADKINS·SRALLA·ELAM L.L.P.
ATTORNEYS & COUNSELORS

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and client and which is subject to attorney/client privilege. If you have received this communication in error, do not read it. Please reply to the sender at Taylor, Olson, Adkins, Sralla & Elam, L.L.P. that you have received the message in error. Then delete it. Any disclosure, copying distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.