# APPENDIX 44

**McKenzie Edwards**

**From:** Stacey Jones <sjones@toase.com>
**Sent:** Friday, July 24, 2026 5:00 PM
**To:** McKenzie Edwards
**Cc:** Naomi Fenwick; MK Smith; Jonathan.Bradshaw@usdoj.gov; Ellie Schulte; Alicia Kreh
**Subject:** Re: Southlake Subpoena - Kay v. United States, No. 4:25-CV-132-Y

EXTERNAL SENDER

Hi McKenzie! Yes ma'am I received your email. I apologize but I have already left the office for the day. Ellie will return to the office on Monday, and I will check with her and Alicia Kreh to be sure this issue is handled timely.
Have a good weekend!!

Get Outlook for iOS

---

**From:** McKenzie Edwards <McKenzie_Edwards@fd.org>
**Sent:** Friday, 24 July 2026 16:56:47
**To:** Stacey Jones <sjones@toase.com>
**Cc:** Naomi Fenwick <Naomi_Fenwick@fd.org>; MK Smith <MK_Smith@fd.org>; Jonathan.Bradshaw@usdoj.gov <jonathan.bradshaw@usdoj.gov>; Ellie Schulte <eschulte@toase.com>; Alicia Kreh <akreh@toase.com>
**Subject:** FW: Southlake Subpoena - Kay v. United States, No. 4:25-CV-132-Y

Good afternoon,

I sent the email below to Ms. Schulte and Ms. Kreh earlier today and got out-of-office messages for both of them. Ms. Schulte's OOO indicates that a Stacey Jones with TOASE should be contacted if the email concerns a subpoena. That message did not include an email address, so I took a stab at the correct address for you based on the firm's standard naming conventions. I would appreciate it if you could let me know that you received this email.

The message below concerns discovery in connection with a federal lawsuit but has been referenced as a subpoena by TOASE in some prior communications, so I wanted to make sure to pass it along in accordance with Ms. Schulte's instructions. We are seeking a few clarifications based on Southlake PD's prior document production and narrative responses to our discovery requests. Those are outlined below. We hope to receive responses by next Wednesday.

Please let me know if there is anything I need to do on my end to facilitate the items described below.

Best,
McKenzie

---

**From:** McKenzie Edwards
**Sent:** Friday, July 24, 2026 12:01 PM
**To:** 'Ellie Schulte' <eschulte@toase.com>
**Cc:** Alicia Kreh <akreh@toase.com>; Jonathan.Bradshaw@usdoj.gov; Naomi Fenwick <Naomi_Fenwick@fd.org>; MK Smith <MK_Smith@fd.org>
**Subject:** RE: Southlake Subpoena - Kay v. United States, No. 4:25-CV-132-Y

Good morning,

We've reviewed your July 1, 2026, document production and narrative responses to our deficiency letter. We want to clarify a handful of small things.

**First**, based on the response below and prior responses from Southlake PD, we are not sure whether the Department mistakenly believes it has already produced the raw data from the virtual evidence locker, but we have not received that data in any prior productions. In your narrative response to Number 6 below, you stated that Captain Green confirmed the hard drives used to transfer data from Grapevine PD to Southlake PDs are no longer in your possession. We are not seeking clarification on this point. We only seek clarification regarding the raw data that was taken from the hard drives and saved to your virtual evidence locker.

- Please either produce the raw data that was stored in your virtual evidence locker or provide a response stating that the raw data from your virtual records is no longer in your possession (and when/how that occurred); or alternatively, if you are withholding the raw data that was saved to your virtual evidence locker from production, please briefly explain why the data is being withheld.
- If the raw data is too large to be transmitted via email, we are happy to provide you with a hard drive for that production. Just let me know.

**Second**, we are still missing the evidence numbers for (1) the raw data in the virtual evidence locker and (2) the hard drive(s) that were used to transfer that data between Grapevine and Southlake PDs. (We understand that (2) is no longer in your possession physically, and with this request are only seeking the evidence number or other identifying information that was assigned to the hard drive(s) when they were still in your possession). If these evidence numbers are also undeterminable or unavailable for production in either narrative or document form, please respond and confirm as much.

**Finally**, please confirm that you have produced all emails or other written communications in your possession relating to Tyler Skaggs's cell phone. If additional emails or written communication are being withheld, please briefly explain the reasons for their withholding.

We ask that you respond to this email by Wednesday, July 29, 2026, and either produce the information described above or provide narrative responses to the questions in this email. If you have any questions, please don't hesitate to contact me.

Thank you,
McKenzie

---

**From:** Ellie Schulte <eschulte@toase.com>
**Sent:** Wednesday, July 1, 2026 5:05 PM
**To:** Jonathan.Bradshaw@usdoj.gov; McKenzie Edwards <McKenzie_Edwards@fd.org>; Naomi Fenwick <Naomi_Fenwick@fd.org>
**Cc:** Alicia Kreh <akreh@toase.com>
**Subject:** Southlake Subpoena - Kay v. United States, No. 4:25-CV-132-Y

EXTERNAL SENDER

Good afternoon,

After an additional search of the City of Southlake and Southlake Police Department records, linked below are the documents in response to your deficiency notice. We do apologize, as the custodian of records has not been in the office to execute a business records affidavit, we will provide this to you Monday upon her return.

The City has provided additional explanations to the deficiency notice. Going through the document by section:

1.
    a. There is no additional supplemental report for handling the iPhone or iPad.
    b. Documents of seizure and collection are listed in report, evidence log and property and evidence sheet
    c. Item history is in evidence logs and property and evidence sheet
    d. Transfer receipts are in Evidence logs
    e. Attached is report with narratives and supplement reports
    f. Keller PD had no involvement with this case, and there is also nothing additional that Southlake PD has from Grapevine PD for their involvement. Delaney Green Supplement 08/20/2019 lists Grapevine PD's involvement.

2. IT ran a search for any communications between Capt. Green and Det. Richard Weber from July-December 2019. Nothing was located and we have included the results from IT. A copy of these search results is included.

3.
    a. Listed in report when it was taken into evidence
    b. The full chain of custody that we have is with the property and evidence log, crime scene log and whatever was listed in the narrative of the report.
    c. The full chain of custody that we have is with the property and evidence log, crime scene log and whatever was listed in the narrative of the report.
    d. The full chain of custody that we have is with the property and evidence log, crime scene log and whatever was listed in the narrative of the report.
    e. Listed in Evidence logs when it was transferred to other locations
    f. The full chain of custody that we have is with the property and evidence log, crime scene log and whatever was listed in the narrative of the report.

4.
    a. The missing "image0001" "image0002" "image0003" are not listed in our evidence. It was how the data was extracted and dumped into the evidence locker, we do not have them. Capt. Green stated that sometimes the extraction has limitations and does not get everything all at once or label~~s~~ it correctly.
    b. Evidence number in Evidence Locker is under case #19SP053735-SKAGGS-UFED Capture Images USB Camera 2019-Logical 01-Logical 02
    c. No notes or reports were made during the forensic work and analysis. Ony documented in report supplement reports.

5. Southlake retention policy is that the PD follow the records retention schedules published by the Texas State Library and Archives Commission ("TSLAC"). Included in the documents is PD General Order for retention. Southlake PD follows TSLAC for death investigations

6. Capt. Green informed me that when she received the raw data from Det. Weber from Grapevine PD, he had extracted the data from the device onto his computer then he transferred it onto an external hard drive, where she uploaded that into the evidence locker file. The PD no longer has the external hard drive that it was transferred from.

Attached for your reference is a copy of the deposition transcript where a number of these questions were asked of Captain Green.

**[redacted]**

Thank you,

Ellie Schulte
Legal Assistant to Annabelle Ackling,
Jennifer Drysdale, Alicia Kreh,
& Rachel Raggio
6000 Western Place Suite 200
Fort Worth, TX 76107
817-332-2580 x252
817-332-4740 Fax
eschulte@toase.com

TOASE
TAYLOR·OLSON·ADKINS·SRALLA·ELAM
ATTORNEYS & COUNSELORS

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and client and which is subject to attorney/client privilege. If you have received this communication in error, do not read it. Please reply to the sender at Taylor, Olson, Adkins, Sralla & Elam, L.L.P. that you have received the message in error. Then delete it. Any disclosure, copying distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.