# APPENDIX 52

TOASE
TAYLOR·OLSON·ADKINS·SRALLA·ELAM L.L.P.
ATTORNEYS & COUNSELORS

6000 WESTERN PLACE, SUITE 200
FORT WORTH, TEXAS 76107

TELEPHONE: (817) 806-5242
PIA@TOASE.COM

Alicia K. Kreh
pia@toase.com

August 12, 2026

Honorable General Paxton
Attorney General of Texas
Open Records Division
P. O. Box 12548
Austin, Texas 78711-2548

*Re:* *Public Information Request of Mary-Kathryn Smith Received by the City of Southlake on July 29, 2026*

Dear General Paxton:

I represent the City of Southlake (the "City") in regard to the above-referenced matter. On July 29, 2026 the City received the public information request from Mary-Kathryn Smith attached hereto as Exhibit A.

Pursuant to Section 552.301 of the Public Information Act (the "Act"), the City requests your determination regarding whether the responsive information falls within an exception to disclosure. The information the City believes may be withheld will be submitted, along with full arguments against disclosure, no later than August 19, 2026 as required by the Act. In particular, the City believes that the following exceptions may apply:

**I. Section 552.101: Confidential by Law**

Section 552.101 of the Act excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov. Code § 552.101.

**A. Occupations Code Section 1701.306: Physical or Psychological Examination**

Section 552.101 encompasses information that other statutes make confidential, including Section 1701.306 of the Occupations Code, which provides in relevant part:

(a) The commission [TCLEOSE] may not issue a license to a person as an officer or county jailer unless the person is examined by:

(1) a licensed psychologist or by a psychiatrist who declares in writing that the person is in satisfactory psychological and emotional health to serve as the type of officer for which a license is sought; and

(2) a licensed physician who declares in writing that the person does not show any trace of drug dependency or illegal drug use after a physical examination, blood test, or other medical test.

(b) An agency hiring a person for whom a license as an officer or county jailer is sought shall select the examining physician and the examining psychologist or psychiatrist. The agency shall prepare a report of each declaration required by Subsection (a) and shall maintain a copy of the report on file in a format readily accessible to the commission. A declaration is not public information.

Tex. Occ. Code §1701.306. The City believes that the responsive documents may include information related to the physical and/or psychological examination of an individual for whom a license is sought. Therefore, to the extent that the responsive documents include information related to the physical and/or psychological examination of an individual for whom a license is sought, the City seeks a determination that such information or forms must be withheld.

**B. Occupations Code Section 1701.454: F-5 Forms**

Section 552.101 encompasses information that is confidential under Section 1701.454 of the Occupations Code, which provides in relevant part as follows:

(a) A report or statement submitted to the [TCLEOSE] under this subchapter is confidential and is not subject to disclosure under Chapter 552, Government Code, unless the person resigned or was terminated due to substantiated incidents of excessive force or violations of the law other than traffic offenses.

(b) Except as provided by this section, a [TCLEOSE] member or other person may not release the contents of a report or statement submitted under this subchapter.

Tex. Occ. Code § 1701.454. The City believes that the responsive documents may include an F-5 "Report of Separation of Licensee." Therefore, to the extent the responsive information contains an F-5 report, and the officer at issue did not resign or was not terminated due to substantiated incidents of excessive force or violations of the law other than traffic offenses, the City seeks a determination that such F-5 reports must be withheld.

**C. Government Code Chapter 411: Criminal History Record Information**

The City believes that if any responsive information includes or references criminal history, it must be withheld under Section 552.101 in conjunction with Chapter 411 of the Government Code. This chapter deems confidential criminal history record information ("CHRI") generated by the National Crime Information Center ("NCIC") or the Texas Crime Information Center ("TCIC"). CHRI means "information collected about a person by a criminal justice agency that consists of identifiable descriptions and notations of arrests, detentions, indictments, information, and other formal criminal charges and their dispositions." Tex. Gov't Code § 411.082(2).

Sections 411.083(b)(1) and 411.089(a) of the Government Code authorize a criminal justice agency to obtain CHRI; however, a criminal justice agency may not release CHRI except to another criminal justice agency for a criminal justice purpose. *See id.* § 411.089(b)(1). Because

the requestor has not indicated to the City that he is seeking the documents on behalf of a criminal justice agency, the City believes it must withhold any responsive information regarding criminal history of a current City employee. Furthermore, any CHRI obtained from DPS or any other criminal justice agency must be withheld under Section 552.101 of the Government Code in conjunction with Government Code Chapter 411, subchapter F.

Some of the responsive information may be CHRI; if so, it falls within the scope of Chapter 411. Accordingly, to the extent that the responsive information may contain CHRI, the City believes it must withhold such information under Chapter 411 of the Government Code in conjunction with Section 552.101.

**D. Work Product Privilege**

The Texas Supreme Court held that "[t]he Texas Rules of Civil Procedure and Texas Rules of Evidence are 'other law' within the meaning of Section 552.022." *See In re City of Georgetown*, 53 S.W.3d 328 (Tex. 2001); *see also* Open Records Decision No. 676 (2002). Therefore, the City asserts that the Texas Rules of Civil Procedure constitute "other law" under the Act in general and should be considered in conjunction with Section 552.101 of the Act.

Texas Rule of Civil Procedure 192.5 encompasses the attorney work product privilege. Information is confidential under Rule 192.5 only to the extent the information implicates the core work product aspect of the work product privilege. *See* ORD 677 at 9-10. Rule 192.5 defines core work product as the work product of an attorney or an attorney's representative, developed in anticipation of litigation or for trial, that contains the mental impressions, opinions, conclusions, or legal theories of the attorney or the attorney's representative. *See* TEX. R. CIV. P. 192.5(a),(b)(1).

Accordingly, in order to withhold attorney core work product from disclosure under Rule 192.5, a government body must demonstrate the material was (1) create for trial or in anticipation of litigation and (2) consists of the mental impressions, opinions, conclusions, or legal theories of any attorney or an attorney's representative. *Id.*

The first prong of the work product test, which requires a government body to show the information at issue was created in anticipation of litigation, has two parts. A governmental body must demonstrate (1) a reasonable person would have concluded from the totality of the circumstances surrounding the investigation there was a substantial chance litigation would ensure, and (2) the party resisting discovery believed in good faith there was a substantial chance litigation would ensue and conducted the investigation for the purpose of preparing for such litigation. The second part of the work product test requires the governmental body to show the materials at issue contain the mental impressions, opinions, conclusions, or legal theories of an attorney or an attorney's representative. A document containing core work product information that meets both parts of the work product test is confidential under rule 192.5, provided the information does not fall within the scope of the exceptions to the privilege enumerated in rule 192.5(c).

The responsive documents may contain privileged attorney work product. Therefore, to the extent the responsive materials contain privileged attorney work product, the City seeks to withhold such information under Rule 192.5.

### E. Common Law Informer's Privilege

The City believes that a portion of the responsive documents may be confidential under Section 552.101 in conjunction with the common law informer's privilege, which Texas courts have long recognized. *See Aguilar v. State*, 444 S.W.2d 935, 937 (Tex. Crim. App. 1969). The informer's privilege protects the identities of persons who report activities over which the governmental body has criminal or quasi-criminal law-enforcement authority, provided that the subject of the information does not already know the informer's identity. *See* Tex. Att'y Gen. ORD-515 at 3 (1998), 208 at 1-2 (1978).

The privilege also protects the identities of individuals who report violations of statutes to the police or similar law-enforcement agencies and who report violations of statutes with civil or criminal penalties to "administrative officials having a duty of inspection or of law enforcement within their particular spheres." *See* Tex. Att'y Gen. ORD-279 at 2 (1981) (citing Wigmore, Evidence, § 2374, at 767 (McNaughton rev. ed. 1961)). For the privilege to apply, the individual must report a violation of a criminal or civil statute. *See* Tex. Att'y Gen. ORD-582 at 2 (1990), 515 at 4-5 (1988). The privilege excepts the informer's statement only to the extent necessary to protect the informer's identity. *See* Tex. Att'y Gen. ORD-549 at 5 (1990).

The City believes that the responsive materials may contain information covered by the common law informer's privilege. Therefore, the City seeks a ruling that, to the extent the responsive documents may contain information that is confidential under Section 552.101 in conjunction with the common law informer's privilege, it must withhold such information.

### F. Common Law Privacy

Section 552.101 encompasses the common law right to privacy. Information must be withheld from the public under Section 552.101 in conjunction with common law privacy when the information is:

(1) highly intimate or embarrassing, such that its release would be highly objectionable to a person of ordinary sensibilities, and

(2) of no legitimate public interest.

*See Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976).

The types of information considered intimate and embarrassing by the Texas Supreme Court in *Industrial Foundation* included information relating to sexual assault, pregnancy, mental or physical abuse in the workplace, illegitimate children, psychiatric treatment of mental disorders, attempted suicide, and injuries to sexual organs. *Id.* at 683. In addition, your office has found that some kinds of medical information or information indicating disabilities or specific illnesses is excepted from required public disclosure under common law privacy. *See* Open Records Decision Nos. 470 (1987) (illness from severe emotional and job-related stress), 455 (1987) (prescription drugs, illnesses, operations, and physical handicaps). To demonstrate the applicability of common-law privacy, both prongs of this test must be demonstrated. *Id.* at 681-82.

In addition, prior decisions of this office have determined that personal financial information, which is not related to a transaction between an individual and a governmental body generally meets the first prong of the common-law privacy test. *See generally* Tex. Att'y Gen. ORD-600 (1992). In contrast, there is a legitimate public interest in the essential facts about a financial transaction between an individual and a governmental body. *See id.* at 9 (information indicating that a public employee participates in group insurance plan funded partly or wholly by governmental body is not excepted from disclosure); *see also* Tex. Att'y Gen. ORD-545 (1990) (financial information pertaining to receipt of funds from a governmental body or debts owed to a governmental body are not protected by common-law privacy), 523 (1989). Whether financial information is subject to a legitimate public interest and therefore not protected by common-law privacy must be determined on a case-by-case basis. *See* Tex. Att'y Gen. ORD-373 (1983).

The City believes the responsive materials may contain information protected by common law privacy in conjunction with Section 552.101 of the Act. The City seeks a determination that, to the extent that the responsive information contains information protected by common-law privacy, it must withhold such information.

## II. Section 552.103(a): Litigation Exception

Section 552.103(a), the "litigation exception," excepts from disclosure information relating to litigation to which the state or a political subdivision is or may be a party. A party may not use the Public Information Act to avoid the rules of discovery used in litigation. *Thomas v. Cornyn*, 71 S.W.3d 473, 487 (Tex. App. – Austin 2002, no pet.); Attorney General Opinion JM-1048. The exception enables a governmental body to protect its interest in litigation "by forcing parties seeking information related to that litigation to obtain it through discovery". Open Records Decision No. 551 at 3 (1990).

The City has the burden of providing relevant facts and documents to show that the Section 552.103(a) exception is applicable in a particular situation. The test for meeting this burden is a showing that:

(1) litigation is pending or reasonably anticipated, and

(2) the information at issue is related to that litigation.

*Heard v. Houston Post Co., 684* S.W.2d 210, 212 (Tex.App.--Houston [lst Dist.] 1984, writ ref'd n.r.e.); Open Records Decision No. 551 at 4 (1990). The City must meet both prongs of this test for information to be excepted under Section 552.103(a).

The responsive information may be subject to the Litigation Exception. Therefore, to the extent that the responsive documents include information related to ongoing or reasonably anticipated litigation, the City seeks a ruling that it may withhold such information

## III. Section 552.107: Certain Legal Matters

Section 552.107 of the Act excepts from required public disclosure attorney-client communications. Your office has determined that Section 552.107(1) of the Government Code protects information within Texas Rules of Evidence ("TRE") 503, which encompasses the

attorney-client privilege. Open Records Decision No. 676 (2002). Thus, the standard for demonstrating the attorney-client privilege under the Act is the same as the standard used in discovery under Rule 503.

In meeting this standard, a governmental body bears the burden of providing the necessary facts to demonstrate the elements of the attorney-client privilege which are as follows:

- the information constitutes or documents a communication;
- the communication was to render professional legal services to the client city;
- the communication was between or among clients, client representatives, lawyers, and lawyer representatives;
- the communication was and stayed confidential; and
- the communication has remained confidential.

A communication is "confidential" if it is not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication. The responsive documents may contain communications covered by the attorney-client privilege. To the extent the responsive documents contain communications between clients or client representatives and this office in the capacity of City Attorney or any other attorney in the capacity as legal advisor, the City believes it must withhold such information.

## IV. Section 552.108: Certain Law Enforcement Records

### A. 552.108 (a): Information Held by a Law Enforcement Agency

The City believes a portion of the responsive documents may be subject to Section 552.108 of the Act. Section 552.108(a) of the Government Code provides in part:

> (a) Information held by a law enforcement agency or prosecutor that deals with the detection, investigations, or prosecution of crime is excepted from the requirements of Section 552.201 if:
>
> (1) release of the information would interfere with the detection, investigation, or prosecution of crime;
>
> (2) it is information that deals with the detection, investigation, or prosecution of crime only in relation to an investigation that did not result in conviction or deferred adjudication.

Tex. Gov. Code § 552.108(a). Generally, a governmental body claiming Section 552.108(a)(1) must reasonably explain how and why the release of the requested information would interfere with law enforcement. *See* §§ 552.108(a)(1), .301(e)(1)(A); *see also Ex parte Pruitt*, 551 S.W.2d 706 (Tex. 1977). The City believes that the responsive documents may include information regarding an investigation and/or prosecution that is currently pending. Therefore, release of such information "would interfere with the detection, investigation, or prosecution of crime." *See* § 552.108(a)(1); *Houston Chronicle Publishing Co. v. City of Houston*, 531 S.W.2d 177 (Tex. Civ.

App.--Houston [14th Dist.] 1975), *writ ref'd n.r.e. per curiam*, 536 S.W.2d 559 (Tex. 1976). Thus, the City believes that Section 552.108(a)(1) may be applicable to the responsive information.

In addition, the City believes that the responsive documents may include information regarding an investigation that did not result in conviction or deferred adjudication. Therefore, the City believes that Section 552.108(a)(2) may be applicable to the responsive information. The City seeks a determination that, to the extent that Section 552.108 may be applicable to the responsive information, it must withhold such information.

**B. 552.108(b): Law Enforcement Internal Records or Notations**

Section 552.108 of the Government Code, commonly referred to as the "law enforcement exception," provides that:

> (b) An internal record or notation of a law enforcement agency or prosecutor that is maintained for internal use in matters relating to law enforcement or prosecution is excepted from [required public disclosure] if:
>
> (1) release of the internal record or notation would interfere with law enforcement or prosecution;
>
> (2) the internal record or notation relates to law enforcement only in relation to an investigation that did not result in conviction or deferred adjudication[.]

Tex. Gov't. Code Ann. § 552.108(b)(1).

Section 552.108(b)(1) is intended to protect "information which, if released, would permit private citizens to anticipate weaknesses in [a law enforcement agency], avoid detection, jeopardize officer safety, and generally undermine efforts to effectuate the laws of this State." *City of Ft. Worth v. Cornyn*, 86 S.W.3d 320, 327 (Tex. App. – Austin 2002, no pet.). Your office has previously concluded that a governmental body may withhold information that would reveal law enforcement techniques or procedures. *See, e.g.*, Tex. Atty. Gen. ORD 531 (1989) (interpreting predecessor to Section 552.108 to conclude that release of detailed use of force guidelines would unduly interfere with law enforcement), 252 (1980) (interpreting predecessor to Section 552.108 to conclude that it is designed to protect investigative techniques and procedures used in law enforcement), 143 (1976) (interpreting predecessor to Section 552.108 to conclude that disclosure of specific operations or specialized equipment directly related to investigation or detection of crime may be excepted).

To claim this exception, a governmental body must explain how and why release of the requested information would "unduly interfere with law enforcement and crime prevention." Gov't Code §§ 552.108(b)(1), 552.301; *Ex parte Pruitt*, 551 S.W.2d 706, 710 (Tex. 1977); Tex. Atty. Gen. ORD Nos. 562 at 10 (1990), 531 at 2. Generally known policies and techniques, however, may not be withheld under Section 552.108. *See, e.g.*, Tex. Atty. Gen. ORD Nos. 531 at 2-3 (interpreting predecessor to Section 552.108 to conclude that Penal Code provisions, common law, and constitutional limitations on use of force are not protected from disclosure), 252 at 3 (commonly known procedures and techniques must be disclosed).

---

The City believes that information responsive to this request may, if released, unduly interfere with law enforcement and crime prevention. As such, the City seeks to withhold any information that it can demonstrate is subject to Section 552.108(b)(1) of the Act.

Additionally, the City believes that the responsive documents may include information subject to Section 552.108(b)(2). Section 552.108(b)(2) of the Act provides that an internal record or notation of a law enforcement agency or prosecutor that is maintained for internal use in matters relating to law enforcement or prosecution is excepted from required public disclosure if the internal record or notation relates to law enforcement only in relation to an investigation that did not result in conviction or deferred adjudication. Tex. Gov't Code § 552.108(b)(2). The City seeks a ruling that to the extent the responsive documents contain internal records or notations related to an investigation that did not result in conviction or deferred adjudication, it may withhold such information.

**V. Section 552.102: Certain Personnel Information**

Information is excepted from required public disclosure under Section 552.102 if it is information in a personnel file, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The court in *Hubert v. Hart-Hanks Texas Newspapers, Inc.*, 652 S.W.2d 546, 550 (Tex. App. - Austin 1983 writ refused n.r.e.) ruled that the test to be applied under Section 552.102 is the same as the test formulated by the Texas Supreme Court in *Industrial Foundation*, *supra* for applying the doctrine of common law privacy in Section 552.101. The City believes that the responsive documents may contain information that if released would constitute an unwarranted invasion of personal privacy.

In addition, the Texas Supreme Court recently held Section 552.102(a) excepts from disclosure the dates of birth of state employees in the payroll database of the Texas Comptroller of Public Accounts. *Tex. Comptroller of Pub. Accounts v. Attorney Gen. of Tex. & The Dallas Morning News, Ltd.*, No. 08-0172, 2010 WL 4910163 (Tex. Dec. 3, 2010), reh'g denied (Jan. 14, 2011). Your office has previously applied this ruling to the birth dates of local public employees maintained by the public employer in an employment context. *See* Tex. Att'y Gen. Op. OR2011-00691 (determining that certain responsive information to a request received by the City of Dallas may be withheld under 552.102(a) of the Government Code). The responsive materials may contain information that discloses the birth dates of public employees maintained by the public employer in an employment context. The City seeks a determination that to the extent that the responsive information may contain such information, it must be withheld.

**VI. Section 552.152: Information Concerning Officer Personal Safety**

The City believes that Section 552.152 may apply to the responsive information. Section 552.152 provides:

> Information in the custody of a governmental body that relates to an employee or officer of the governmental body is excepted from the requirements of Section 552.021 if, under the specific circumstances pertaining to the employee or officer, disclosure of the information would subject the employee or officer to a substantial threat of physical harm.

The City believes that the responsive information may contain identifying information of undercover law enforcement officers, which would subject the officers to a substantial threat of physical harm if released. Therefore, the City believes that to the extent such information is included in the responsive documents, it must withhold this information pursuant to Section 552.152 of the Government Code.

**VII. Section 552.122: Test Items**

The City believes that Section 552.122 may apply to the responsive information. Section 552.122 provides:

(a) A test item developed by an educational institution that is funded wholly or in part by state revenue is excepted from the requirements of Section 552.021.

(b) A test item developed by a licensing agency or governmental body is excepted from the requirements of Section 552.021.

Some of the responsive information may be test items; if so, it falls within the scope of Section 552.122. Accordingly, the City believes it must withhold such information under Section 552.122

**VIII. Section 552.111: Agency Memoranda Reflecting Deliberative Process**

Section 552.111 of the Act excepts from disclosure "[a]n interagency or intra-agency memorandum or letter that would not be available by law to a party in litigation with the agency[.]" Tex. Gov't Code § 552.111. Your office has concluded that this exception incorporates the deliberative process privilege. *See* Tex. Att'y Gen. ORD-615 at 2 (1993). The purpose of the deliberative process privilege is to protect advice, opinion, and recommendation in the decision-making process and to encourage open and frank discussion in the deliberative process. *Austin v. City of San Antonio*, 630 S.W.2d 391, 394 (Tex. App. - San Antonio 1982, no writ); Tex. Att'y Gen. ORD-538 at 1-2 (1990).

Section 552.111 excepts from disclosure only those internal communications of a governmental body that consist of advice, recommendations, opinions, and other material reflecting the policymaking processes of the governmental body. *See* Tex. Att'y Gen. ORD-615 at 5. A governmental body's policymaking functions do not encompass routine internal administrative or personnel matters, as disclosure of information about such matters will not inhibit free discussion of policy issues among agency personnel. *Id.*; *see also City of Garland v. The Dallas Morning News*, 22 S.W.3d 351 (Tex. 2000) (Section 552.111 not applicable to personnel-related communications that do not involve policymaking). A governmental body's policymaking functions do include administrative and personnel matters of broad scope that affect the governmental body's policy mission. *See* Tex. Att'y Gen. ORD-631 at 3 (1995). Moreover, Section 552.111 does not protect facts and written observations of facts and events that are severable from advice, opinions, and recommendations. *See* Tex. Att'y Gen. ORD-615 at 5. But if factual information is so inextricably intertwined with material involving advice, opinion, or

recommendation as to make severance of the factual data impractical, the factual information also may be withheld under Section 552.111. *See* Tex. Att'y Gen. ORD-313 at 3 (1982).

The City believes that the responsive documents may include information subject to Section 552.111. To the extent that the responsive documents do include information subject to Section 552.111, the city seeks a ruling that it must withhold such information.

**IX. Previous Determination**

Your office issued Open Records Decision No. 684 (2009), a previous determination to all governmental bodies authorizing them to withhold ten categories of information without the necessity of requesting an Attorney General decision. Additionally, your office has held that a governmental body may redact a living person's social security number without the necessity of requesting an Attorney General decision. Therefore, the City has not raised arguments regarding this which may be contained in Exhibit B or other responsive material. To the extent this information is included in Exhibit B, this information will be withheld in the event of a ruling requiring the City to release any portion of the responsive documents.

Section 552.130(c) provides that subject to Chapter 730 of the Transportation Code, a governmental body may redact information, without the necessity of requesting an Attorney General decision, if it relates to a driver's license, a personal identification document, or a motor vehicle title or registration issued by an agency of this state or another state or country. If the City redacts such information, it will notify the requestor as required by Section 552.130(e). The City, therefore, has not raised arguments regarding these types of information.

Also, your office issued ORD No. 670 which authorized a governmental body to withhold the home address, home telephone number, emergency contact information of its peace officers and current or former employees or officials, or any information that reveals whether the employee or officer has family members under Sections 552.117(a)(1) and (a)(2) without the necessity of requesting an attorney general decision. Accordingly, the City has not raised arguments regarding these categories of information.

The requestor has been notified by copy of this letter that the City has chosen to seek an Attorney General decision on this matter. As stated above, the City will supplement this letter with the responsive information and/or a representative sample of the responsive information within five (5) business days. Please contact me at the above address with any questions regarding this matter.

Sincerely,

Alicia Kreh / E Yuuuuter

Alicia K. Kreh

AKK:gel
Enclosures

---

cc: Mary-Kathryn Smith (w/o enclosure)
MK_Smith@fd.org

X:\2026\Southlake\PIA\Smith, Mary-Kathryn 7.29.26 PD-2026-533\Letter to AG with Exhibits\10 Day\Attorney General 10 Day.AKK.docx

Outlook

## Public Information Request Received by the City of Southlake

**From** PIA TOASE <pia@toase.com>
**Date** Wed 8/12/2026 3:52 PM
**To** MK Smith <MK_Smith@fd.org>

1 attachment (744 KB)
Smith.AG10.pdf;

You don't often get email from pia@toase.com. Learn why this is important

EXTERNAL SENDER

Please see the attached regarding your July 29, 2026 request.

TOASE
TAYLOR·OLSON·ADKINS·SRALLA·ELAM L.L.P.
ATTORNEYS & COUNSELORS

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and client and which is subject to attorney/client privilege. If you have received this communication in error, do not read it. Please reply to the sender at Taylor, Olson, Adkins, Sralla & Elam, L.L.P. that you have received the message in error. Then delete it. Any disclosure, copying distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.