# APPENDIX 53

TOASE

6000 WESTERN PLACE, SUITE 200
FORT WORTH, TEXAS 76107

TAYLOR·OLSON·ADKINS·SRALLA·ELAM L.L.P.
ATTORNEYS & COUNSELORS

TELEPHONE: (817) 806-5242
PIA@TOASE.COM

Andrea D. Russell
pia@toase.com

August 19, 2026

Honorable General Paxton
Attorney General of Texas
Open Records Division
P. O. Box 12548
Austin, Texas 78711-2548

*Re: Public Information Request of Mary-Kathryn Smith Received by the City of Southlake on July 29, 2026;*

Dear General Paxton:

I represent the City of Southlake (the "City") in regard to the above-referenced matter. On July 29, 2026 the City received the public information request from Mary-Kathryn Smith attached hereto as Exhibit A. On August 12, 2026, a 10-day letter regarding this request was submitted to your office on behalf of the City.

Pursuant to Section 552.301 of the Public Information Act (the "Act"), the City requests your determination regarding whether the responsive information falls within an exception to disclosure. The information the City believes may be withheld is attached hereto as Exhibit B. In particular, the City believes that the following exceptions apply:

## I. Section 552.101: Common Law Privacy

Section 552.101 encompasses the common law right to privacy. Information must be withheld from the public under Section 552.101 in conjunction with common law privacy when the information is:

(1) highly intimate or embarrassing, such that its release would be highly objectionable to a person of ordinary sensibilities, and

(2) of no legitimate public interest.

*See Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976).

The types of information considered intimate and embarrassing by the Texas Supreme Court in *Industrial Foundation* included information relating to sexual assault, pregnancy, mental or physical abuse in the workplace, illegitimate children, psychiatric treatment of mental disorders, attempted suicide, and injuries to sexual organs. *Id.* at 683. In addition, your office has found that some kinds of medical information or information indicating disabilities or specific illnesses is

excepted from required public disclosure under common law privacy. *See* Open Records Decision Nos. 470 (1987) (illness from severe emotional and job-related stress), 455 (1987) (prescription drugs, illnesses, operations, and physical handicaps). To demonstrate the applicability of common-law privacy, both prongs of this test must be demonstrated. *Id.* at 681-82.

In addition, prior decisions of this office have determined that personal financial information, which is not related to a transaction between an individual and a governmental body generally meets the first prong of the common-law privacy test. *See generally* Tex. Att'y Gen. ORD-600 (1992). In contrast, there is a legitimate public interest in the essential facts about a financial transaction between an individual and a governmental body. *See id.* at 9 (information indicating that a public employee participates in group insurance plan funded partly or wholly by governmental body is not excepted from disclosure); *see also* Tex. Att'y Gen. ORD-545 (1990) (financial information pertaining to receipt of funds from a governmental body or debts owed to a governmental body are not protected by common-law privacy), 523 (1989). Whether financial information is subject to a legitimate public interest and therefore not protected by common-law privacy must be determined on a case-by-case basis. *See* Tex. Att'y Gen. ORD-373 (1983).

Finally, in considering whether a private citizen's date of birth is private, the Third Court of Appeals looked to the supreme court's rationale in *Texas Comptroller of Public Accounts v. Attorney General of Texas,* 354 S. W.3d 336 (Tex. 2010). *Paxton v. City of Dallas,* No. 03-13-00546-CV, 2015 WL 3394061, at 3 (Tex. App.-Austin May 22, 2015, pet. denied) (mem. op.). The supreme court concluded public employees' dates of birth are private under section 552.102 of the Government Code because the employees' privacy interest substantially outweighed the negligible public interest in disclosure. *Texas Comptroller,* 354 S.W.3d at 347-48. Based on *Texas Comptroller,* the court of appeals concluded the privacy rights of public employees apply equally to private citizens, and thus, private citizens' dates of birth are also protected by common-law privacy pursuant to section 552.101. *City of Dallas,* 2015 WL 3394061, at 3.

The responsive materials contain information protected by common law privacy in conjunction with Section 552.101 of the Act. The City believes it must withhold such information, marked within Exhibit B.

**II. Section 552.108(b): Law Enforcement Internal Records or Notations**

Section 552.108 of the Government Code, commonly referred to as the "law enforcement exception," provides, in pertinent part, that:

> (b) An internal record or notation of a law enforcement agency or prosecutor that is maintained for internal use in matters relating to law enforcement or prosecution is excepted from [required public disclosure] if:
>
> (1) release of the internal record or notation would interfere with law enforcement or prosecution;
>
> (2) the internal record or notation relates to law enforcement only in relation to an investigation that did not result in conviction or deferred adjudication[.]

Tex. Gov't. Code Ann. § 552.108(b)(1).

Section 552.108(b)(1) is intended to protect "information which, if released, would permit private citizens to anticipate weaknesses in [a law enforcement agency], avoid detection, jeopardize officer safety, and generally undermine efforts to effectuate the laws of this State." *City of Ft. Worth v. Cornyn*, 86 S.W.3d 320, 327 (Tex. App. – Austin 2002, no pet.). Your office has previously concluded that a governmental body may withhold information that would reveal law enforcement techniques or procedures. *See*, *e.g.*, Tex. Atty. Gen. ORD 531 (1989) (interpreting predecessor to Section 552.108 to conclude that release of detailed use of force guidelines would unduly interfere with law enforcement), 252 (1980) (interpreting predecessor to Section 552.108 to conclude that it is designed to protect investigative techniques and procedures used in law enforcement), 143 (1976) (interpreting predecessor to Section 552.108 to conclude that disclosure of specific operations or specialized equipment directly related to investigation or detection of crime may be excepted).

To claim this exception, a governmental body must explain how and why release of the requested information would "unduly interfere with law enforcement and crime prevention." Gov't Code §§ 552.108(b)(1), 552.301; *Ex parte Pruitt*, 551 S.W.2d 706, 710 (Tex. 1977); Tex. Atty. Gen. ORD Nos. 562 at 10 (1990), 531 at 2. Generally known policies and techniques, however, may not be withheld under Section 552.108. *See*, *e.g.*, Tex. Atty. Gen. ORD Nos. 531 at 2-3 (interpreting predecessor to Section 552.108 to conclude that Penal Code provisions, common law, and constitutional limitations on use of force are not protected from disclosure), 252 at 3 (commonly known procedures and techniques must be disclosed).

The responsive information contains the cell phone numbers of law enforcement officers. The City believes that this information, if released, will unduly interfere with law enforcement and crime prevention as, once released, these phone numbers may no longer be withheld. The public dissemination of cell phone numbers of these officers would inevitably result in the officers receiving calls that would distract from their official duties and interfere with law enforcement. As such, the City seeks to withhold the officer cell phone numbers marked within Exhibit B.

**III. Section 552.102: Certain Personnel Information**

Information is excepted from required public disclosure under Section 552.102 if it is information in a personnel file, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The court in *Hubert v. Hart-Hanks Texas Newspapers, Inc.*, 652 S.W.2d 546, 550 (Tex. App. - Austin 1983 writ refused n.r.e.) ruled that the test to be applied under Section 552.102 is the same as the test formulated by the Texas Supreme Court in *Industrial Foundation*, *supra* for applying the doctrine of common law privacy in Section 552.101. The City believes that the responsive documents may contain information that if released would constitute an unwarranted invasion of personal privacy.

In addition, the Texas Supreme Court held Section 552.102(a) excepts from disclosure the dates of birth of state employees in the payroll database of the Texas Comptroller of Public Accounts. *Tex. Comptroller of Pub. Accounts v. Attorney Gen. of Tex. & The Dallas Morning News, Ltd.*, No. 08-0172, 2010 WL 4910163 (Tex. Dec. 3, 2010), reh'g denied (Jan. 14, 2011). Your office has previously applied this ruling to the birth dates of local public employees maintained by the public employer in an employment context. *See* Tex. Att'y Gen. Op. OR2011-00691 (determining that certain responsive information to a request received by the City of Dallas

may be withheld under 552.102(a) of the Government Code). The responsive materials contain information that discloses the birth dates of public employees maintained by the public employer in an employment context. The City seeks to withhold the dates of birth and other information marked within Exhibit B that is marked as confidential under descriptions that may include "personal financial information," "DOB," and/or "CLP" (meaning, common law privacy" as this information would ordinarily be withheld under Section 552.101 and the common law right to privacy in a non-employment context. The City is claiming both Section 552.101 (common law privacy) and Section 552.102 (certain personnel information) for this information to ensure the privacy interests of the individuals whose information is at issue are protected.

## IV. Previous Determination

Your office issued Open Records Decision No. 684 (2009), a previous determination to all governmental bodies authorizing them to withhold ten categories of information without the necessity of requesting an Attorney General decision. Additionally, your office has held that a governmental body may redact a living person's social security number without the necessity of requesting an Attorney General decision. Therefore, the City has not raised arguments regarding this which may be contained in Exhibit B or other responsive material. To the extent this information is included in Exhibit B, this information will be withheld in the event of a ruling requiring the City to release any portion of the responsive documents.

Section 552.130(c) provides that subject to Chapter 730 of the Transportation Code, a governmental body may redact information, without the necessity of requesting an Attorney General decision, if it relates to a driver's license, a personal identification document, or a motor vehicle title or registration issued by an agency of this state or another state or country. If the City redacts such information, it will notify the requestor as required by Section 552.130(e). The City, therefore, has not raised arguments regarding these types of information.

Also, your office issued ORD No. 670 which authorized a governmental body to withhold the home address, home telephone number, emergency contact information of its peace officers and current or former employees or officials, or any information that reveals whether the employee or officer has family members under Sections 552.117(a)(1) and (a)(2) without the necessity of requesting an attorney general decision. Accordingly, the City has not raised arguments regarding these categories of information.

The requestor has been notified by copy of this letter that the City has chosen to seek an Attorney General decision on this matter. Please contact me at the above address with any questions regarding this matter.

Sincerely,

A. Russell/by permission R Rogge

Andrea D. Russell

ADR:gel
Enclosures

---

cc: Kathryn-Mary Smith (w/o enclosure)
MK_Smith@fd.org

X:\2026\Southlake\PIA\Smith, Mary-Kathryn 7.29.26 PD-2026-533\Letter to AG with Exhibits\15 Day\Attorney General 15 Day ADR.docx

Outlook

## Public Information Request Received by the City of Southlake

**From** PIA TOASE <pia@toase.com>
**Date** Wed 8/19/2026 4:25 PM
**To** MK Smith <MK_Smith@fd.org>

1 attachment (308 KB)
Smith.AG15.pdf;

You don't often get email from pia@toase.com. Learn why this is important

Please see the attached regarding your July 29, 2026 request.

TOASE
TAYLOR·OLSON·ADKINS·SRALLA·ELAM L.L.P.
ATTORNEYS & COUNSELORS

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and client and which is subject to attorney/client privilege. If you have received this communication in error, do not read it. Please reply to the sender at Taylor, Olson, Adkins, Sralla & Elam, L.L.P. that you have received the message in error. Then delete it. Any disclosure, copying distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.