# APPENDIX 63

2017 WL 3471463
Only the Westlaw citation is currently available.
United States District Court, W.D. Texas, Del Rio Division.

Armando M. GARCIA, Plaintiff,
v.
Charles MENDEKE, In His Individual and Official Capacity, and Uvale County, Texas, Defendants.

Civil No. DR–15–CV–070–AM/CW
|
Signed 03/21/2017

**Attorneys and Law Firms**

Robert Joseph Wiley, Rob Wiley, P.C., Dallas, TX, Colin Walsh, Rob Wiley PC, Austin, TX, for Plaintiff.

Charles Straith Frigerio, Attorney at Law, San Antonio, TX, for Defendants.

**ORDER**

ALIA MOSES, United States District Judge

***1** Pending before the Court is the Report and Recommendation of the Honorable Collis White, United States Magistrate Judge. (ECF No. 42.) The Court is persuaded that the Report should be **ADOPTED** in full.

**I. Factual and Procedural History**

The Plaintiff is a former employee of the Uvalde County Sheriff's Department, who filed suit against the Defendants after he was fired by Defendant Mendeke, the Uvalde County Sheriff. The Plaintiff alleges that he was unlawfully terminated in violation of his First Amendment rights, the Texas Constitution, and the Texas Whistleblower Act after he reported alleged illicit activities of Max Dorflinger, a deputy sheriff, to those within the Sherriff's Department, the FBI, and the Uvalde County District Attorney's Office.

On March 4, 2016, the parties filed cross motions for summary judgment, claiming that they are entitled to summary judgment as a matter of law. (ECF Nos. 28 and 29.) On February 24, 2017, after considering the parties' briefing, Judge White issued the Report. (ECF No. 42.) He recommends that the Court grant in part Defendant Mendeke's Motion for Summary Judgment, deny Defendant Uvalde County's Motion for Summary Judgment, and deny the Plaintiff's Motion for Summary Judgment. (*Id.*) On March 9, 2017, the Defendants timely filed objections to the Report. (ECF No. 43.) The Plaintiff, however, declined to file objections.

**II. Standard of Review**

A party may file objections to a Magistrate Judge's report. However, a party filing such objections must specifically identify those findings or recommendations to which the objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See* *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in the report within fourteen days after the party is served with a copy of the report shall bar that party from district court de novo review and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions the district court accepts. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985).

Here, the Defendants asserted four objections, thus triggering a de novo review of those factual findings and legal conclusions contained within the Report.

**III. Analysis**

The Defendants object to the Report's factual findings and legal conclusions pertaining to: (1) Defendant Mendeke's qualified immunity defense to the Plaintiff's claim under the Texas Constitution; (2) the Plaintiff's 42 U.S.C. § 1983 allegation under the First Amendment; (3) the Plaintiff's Texas Whistleblower Act claim; and (4) the Plaintiff's free speech claim under the Texas Constitution. (ECF No. 43 at 3.) The Defendants' objections are overruled.

*1. Defendant Mendeke's Qualified Immunity Defense.*
Defendant Mendeke objects to the Magistrate Judge's analysis of the Plaintiff's Texas Constitution claim, arguing that

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

he is entitled to qualified immunity because the Plaintiff failed to state a cognizable cause of action under the Texas Constitution. (*Id.* at 3–4.)

***2** In the instant case, Judge White explained that although a cognizable cause of action against a governmental entity or its officials seeking money damages for a Texas Constitution violation does not exist, a party is entitled to equitable relief, so long as it is appropriately pleaded. (ECF No. 42 at 33.) The Court agrees.

The Texas Constitution affords a plaintiff "equitable relief from governmental actions taken in violation of its dictates." *Huckabay v. Moore*, 142 F.3d 233, 242 (5th Cir. 1998). Equitable relief is defined as a "nonmonetary [remedy] such as an injunction or specific performance, obtained when available legal remedies ... cannot adequately redress the injury." *Equitable Remedy*, Bryan A. Garner, Black's Law Dictionary (10th ed. 2014).

Here, the Plaintiff's Complaint pleaded damages that include equitable remedies (e.g., injunctive relief). (ECF No. 1 at 12.) Consequently, because the Plaintiff has pleaded for relief that is recoverable under the Texas Constitution, Defendant Mendeke's objection is overruled.

Furthermore, the Plaintiff has pleaded a cause of action under the Texas Constitution. "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8. A "plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Here, a review of the Plaintiff's Complaint illustrates that a valid cause of action was pleaded. (ECF No. 1 at 10 ("Defendants violated article 1, section 8 of the Texas Constitution when it terminated Plaintiff for engaging in protected speech.".)) The Plaintiff incorporated the Complaint's parties, jurisdiction and venue, and facts sections (i.e., the preceding sixty paragraphs) as if restated within the section in which the Texas Constitution cause of action was pleaded. (*Id.* at 10, ¶ 61.) In other words, the Plaintiff's Complaint meets the federal pleading standards as required under Rule 8 and *Iqbal.*

Defendant Mendeke's objection for failure to state a claim is overruled.

*2. The Plaintiff's 42 U.S.C. § 1983 First Amendment Claim.*
Defendant Uvalde County objects to Judge White's analysis of the Plaintiff's claim under § 1983 and the First Amendment. (ECF No. 43 at 4–5.) The Report concluded that the Plaintiff spoke as a public citizen when he met with the Uvalde County District Attorney[1] and therefore acted outside of his ordinary, official employment duties. (ECF No. 42 at 20–22.) Defendant Uvalde County argues that the Report erred in its analysis and application of pertinent Fifth Circuit precedent.[2] *Gibson*, Defendant Uvalde County contends, is controlling because the court held that the chief of police's act of reporting a mayor's misdeeds to outside law enforcement agencies was within his capacity as chief of police—not as that of an ordinary citizen.

***3** This Court, however, is not persuaded that *Gibson's* holding controls the instant case. Indeed, Judge White appropriately distinguished *Gibson* to the facts of the instant case. (ECF No. 42 at 17–18, 20–21.) Specifically, the Plaintiff acted in his capacity as a sergeant—a role in which he could report to supervisors such as Defendant Mendeke—whereas the plaintiff in *Gibson* acted as chief of police and was required to communicate with outside law enforcement agencies as a part of his official job responsibilities. While the Plaintiff routinely worked with the Uvalde County District Attorney's Office, the seminal meeting with the district attorney took place outside of the Plaintiff's normal work hours, without receiving his employer's permission, and without following the chain of command. Moreover, the Plaintiff requested that the meeting be kept confidential. The Court rejects and overrules Defendant Uvalde County's objection finding that *Gibson* is not controlling given the facts of the instant case.

*3. The Plaintiff's Whistleblower Claim.*
Defendant Uvalde County next objects to the Report's analysis of the Plaintiff's Texas Whistleblower Act claim. (ECF No. 43 at 5–6.) An objection was specifically asserted against the Judge White's determination that fact issues remain as to whether the Plaintiff reported in good faith a

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

violation of the law and whether he suffered retaliation as a result of making the report. (*Id.*)

Here, the Court overrules said objection because there are genuine issues of material fact with respect to both objected-to elements of the Plaintiff's whistleblower claim. As the Report correctly explains, a jury should make the final factual determination because reasonable minds could differ as to whether the report was made in good faith and why the Plaintiff was fired. (*See* ECF No. 42 at 41–42.) Consequently, the objection is overruled.

*4. The Plaintiff's Texas Constitution Claim.*

Defendant Uvalde County's objection essentially reurges the first objection, which the Court has already addressed. Again, the objection contends that the Plaintiff's claims under the Texas Constitution did not state a claim for relief. (ECF No. 43 at 6.) As previously discussed, *supra* p. 3, the Texas Constitution recognizes a private cause of action against a governmental entity or its officials that seeks equitable relief, and the Plaintiff's Complaint sufficiently pleaded a cause of action. *Huckabay v. Moore*, 142 F.3d 233, 242 (5th Cir. 1998). Therefore, Defendant Uvalde County's objection is overruled.

**IV. Conclusion**

Accordingly, the Report (ECF No. 42) is **ADOPTED** in full. Defendant Mendeke's Motion for Summary Judgment is **GRANTED IN PART**. All claims against Defendant Mendeke in his individual capacity are **DISMISSED**, except for the claim pursuant to the Texas Constitution. Furthermore, all claims against Defendant Mendeke in his official capacity are **DISMISSED** because Defendant Uvalde County is a party to this action.

It is **FURTHER ORDERED** that Defendant Uvalde County's Motion for Summary Judgment is **DENIED**.

It is **FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment is **DENIED**.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 3471463

Footnotes

1 It was at this meeting that the Plaintiff presented evidence of Dorflinger's illicit actions directly to the district attorney, deliberately bypassing Defendant Mendeke.

2 *See* *Gibson v. Kilpatrick*, 773 F.3d 661 (5th Cir. 2014); *Howell v. Town of Ball*, 827 F.3d 515 (5th Cir. 2016); *Anderson v. Valdez*, 845 F.3d 580 (5th Cir. 2016).

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.